# THE ATTORNEY GENERAL
# OF TEXAS
## AUSTIN 11, TEXAS


PRICE DANIEL

ATTORNEY GENERAL

April 29, 1952

*Superseded by Amendment to Art 1.05 Election Code in 1963* (N)

Hon. Fred C. Brigman, Jr.
County Attorney
Uvalde County
Uvalde, Texas

Opinion No. V-1437.

Re: Eligibility of a person
who will have resided
in a commissioners' pre-
cinct for four months
on the date of the first
primary to be a candi-
date for county commis-
sioner.

Dear Sir:

You have requested an opinion of this office on the following question involving an interpretation of Section 5 of the Texas Election Code (Acts 52nd Leg., R.S. 1951, ch. 492, p. 1097):

"Is a person who will have resided in a commissioners' precinct for four months at the date of the first primary election but who will have resided in that precinct for seven months at the time of the general election eligible to have his name placed on the primary election ballot for the office of county commissioner?"

Section 5 of the Election Code reads as follows:

"No person shall be eligible to any State, county, precinct or municipal office in this State unless he shall be eligible to hold office under the Constitution of this State, and unless he shall have resided in this State for the period of twelve (12) months and six (6) months in the county, precinct, or municipality, in which he offers himself as a candidate, next preceding any general or special election, and shall have been an actual bona fide citizen of said county, precinct, or municipality for six (6) months. No person ineligible to hold office shall ever have his name placed upon

the ballot at any general or special
election, or at any primary election
where candidates are selected under
primary election laws of this State;
and no such ineligible candidate shall
ever be voted upon, nor have votes
counted for him at any such general,
special, or primary election. . . ."

This section is taken from Article 2927, V.C.S., and is
in identical language except that Article 2927 required
the candidate to have been a citizen of the county, pre-
cinct, or municipality for "more than six months," where-
as the present statute reads "for six months."

The question you have presented was answered
in Att'y Gen. Op. 0-1964 (1940), which held that the six
months' residence and citizenship requirements in Arti-
cle 2927 were referable to the general or special elec-
tion at which the officer was to be elected, and did not
refer to primary elections for the nomination of party
candidates. In the course of the opinion it was stated:

"It is observed that the term 'gen-
eral or special election,' only, appears
in the first sentence of the statute;
whereas, thereafter in the statute touch-
ing a different but related matter appear
the terms 'any general or special elec-
tion, or at any primary election.' Clearly,
therefore, the employment of the term 'gen-
eral or special election,' pertaining to
the six months residence and citizenship
requirement was not intended to include
primary elections. . . .

"It has been repeatedly held by this
department that, under Article 2927, supra,
apart from other necessary qualifications,
an individual is eligible to hold a public
office if he has resided in, and been a
bona fide citizen of, the county, precinct,
or municipality six months prior to the
general election or special elections fixed
by law."

The Legislature, in re-enacting Section 5 of
the Election Code in substantially the same language

used in Article 2927, is presumed to have had knowledge of the construction which had been placed on the former statute and to have intended the same meaning in the re-enactment. Stephens County v. Hefner, 118 Tex. 397, 16 S.W.2d 804 (1929); Federal Crude Oil Co. v. Yount-Lee Oil Co., 122 Tex. 21, 52 S.W.2d 56 (1932); Railroad Commission of Texas v. Texas & N. O. R. Co., 42 S.W.2d 1091 (Tex. Civ. App. 1931, error ref.).

You have called our attention to Rosette v. Reyna, 196 S.W.2d 658 (Tex. Civ. App. 1946), wherein the contention was made that a nominee for the office of county commissioner was an ineligible candidate because he had not resided in the precinct for six months on the date of the primary election at which he was nominated. Apparently the contestant was contending that the successful candidate had not been at any time a "bona fide citizen" or resident of the precinct. In affirming the judgment of the trial court, the Court of Civil Appeals held that the trial court's finding that the nominee was a resident of the precinct was binding upon the appellate court, since the evidence was such that reasonable minds might draw different inferences and conclusions therefrom. The court did not state what the length of the nominee's residence in the precinct had been, nor did it say that he must have been a resident for six months preceding the primary in order to be an eligible candidate. We do not interpret this opinion as expressing a view favorable to the contestant's contention that the statute required residence in the precinct for six months preceding the primary election.

Kamas v. Stepan, 197 S.W.2d 193 (Tex. Civ. App. 1946), involved a fact situation similar to that in Rosette v. Reyna. Here also, the contention was made that the candidate was ineligible because he had not resided in the precinct for six months next preceding the date of the primary. The issue in dispute was whether the candidate was a resident of the precinct during the time he had been temporarily absent while engaged in war work. The court's holding was that the candidate by engaging in emergency temporary war work in another county did not abandon his residence which had been definitely fixed in the precinct for a number of years before he entered upon that employment. It is evident from the opinion that the court was not concerned with the exact point of time from which the

prior six months' residence should be computed and was not passing on that question.

We have been unable to find any other case touching upon the precise question here involved. Since it is our opinion that neither of the two cases discussed above has ruled upon this point, we adhere to the former holding of this office in Opinion O-1964, supra.

## SUMMARY

A candidate for the office of county commissioner who will have resided in the commissioners' precinct for six months at the time of the general election fulfills the six months' residence requirement of Section 5, Election Code, and residence in the precinct for less than six months at the time of the primary election does not make him ineligible to have his name placed on the primary ballot.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

E. Jacobson
Reviewing Assistant

Charles D. Mathews
First Assistant

MKW:wb

Yours very truly,

PRICE DANIEL
Attorney General

By Mary K. Wall

Mary K. Wall
Assistant