# OCTOBER, 1928

WALTER ALLEN v. W. D. FISHER ET AL.

No. 5139.   Decided October 17, 1928.

(9 S. W., 2d Series, 731.)

*J. W. Sanders, Hoover & Hoover, E. J. Cussen, E. J. Pickens,* and *Jack Allen,* for appellant.

Article 16, Section 14, of the Constitution requires all office holders to reside within the bounds of the State, and such office holders as serve particular districts to reside within such districts, and that no person is eligible to hold such district office unless he resides in the district.   Art. 16, Sec. 14, Constitution of Texas; Art. 2928, R. C. S. (1925) ; Art. 328, R. C. S. (1925) ; Art. 332, R. C. S. (1925) ; Chambers v. Baldwin, 282 S. W., 793.

It is the contention of the appellant that by reason of passage of that portion of Art. 2927 holding that no such ineligible candidate shall ever be voted upon, nor have votes counted for him, at any such general, special or primary elections, that the votes cast for the

appellee, Braly, should have no effect in determining the result of the primary election of July and August, 1928, for the reason that such statute prohibited their being counted, and that such votes were void as far as they effected the result of such election. The appellant recognizes that it is the rule, in the absence of such a statute, that the votes cast for Braly although he was not eligible would serve to prevent the appellant from being the nominee; but the rule is different when there is a statute such as has just been quoted herein. Ruling Case Law, Vol. 9, Page 1125, Sec. 126; Justice v. Justice, 211 S. W., 419, 184 Ky., 130; Hewlett v. Carter, 239 S. W., 789, 194 Ky., 454; Parrish v. Powers, 105 S. W., 391, 127 Ky., 164; Ewing v. Duncan, 16 S. W., 1000; Lankford v. Hubbard, 292 S. W., 345; Kulp v. Railey, 89 S. W., 957; Hanscom v. State ex rel., 31 S. W., 547; Lipscomb v. Perry, 98 S. W., 1102; Art. 2927, Rev. Stat.

*S. D. Stennis, J. B. Clark, James Spiller, J. Sid. O'Keefe, Jas. H. Aynesworth,* and *Jas. E. Anderson,* for appellees.

No sufficient averments showing right in Allen to maintain suit. Arberry v. Beavers, 6 Texas, 457. Election, under the doctrine announced in McCrary and Paine as well as 20 Corpus Juris, page 207, notes 42 and 43, does not give Allen any rights thereunder. Neither the Laws nor the Constitution require the residence of a District Attorney in his district before his election or appointment. Art. 332, R. S.; 23 Cyc., page 1377; Art. 16, Sec. 14, Const.; Art. 5, Sec. 21, Const.; Art. 2927–8–9 of R. S. Mr. Allen having failed to receive a majority of the votes cast, he can not be declared the nominee at said election. Corpus Juris, Vol. 20, page 207, note 43; McCrary on Elections, 3rd Ed., Sec. 292, *et seq.;* Paine on Elections (Ed. of 1890), Secs. 556 *et seq.;* McKinney v. Barker (Ky.), 203 S. W., 303; State ex rel. Spruill v. Baleman, Ann. Cases 1915 B, 515; Sheridan v. City of St. Louis, 2 Ann. Cases, 480, and note; Rev. Stats., Art. 3102.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

On September 7, 1928, the plaintiff, Walter Allen, presented to the District Judge of the Thirty-first Judicial District his petition for injunction against W. D. Fisher, Chairman of the Democratic Executive Committee for said judicial district; Clifford Braley; Jane Y. McCallum, Secretary of State; and the various county clerks

40

in said district. In the petition the plaintiff seeks to restrain the certification of the name of Clifford Braley as the democratic nominee for the office of district attorney for said district, and the placing of his name on the ballot at the general election to be held in November, 1928, as such nominee. The plaintiff also seeks a mandatory injunction requiring the certification of the plaintiff's name, as the democratic nominee for said office, and the placing of his name on the ballot at the November election as such nominee. The prayer of the petition was for temporary injunction which was prayed to be made perpetual upon final hearing. The district judge, in chambers, and basing his action exclusively upon the averments of the petition, denied the temporary injunction. From this action of the district judge an appeal was perfected to the Court of Civil Appeals for the Seventh Supreme Judicial District. The allegations of the plaintiff's said petition are in substance as follows: That Clifford Braley did not reside in the Thirty-first Judicial District when said petition was filed and had not, at any time before that time, resided in said district; that the fact of Braley's non-residence was known to the voters at the time of the primary elections hereinafter mentioned; that the plaintiff is a qualified voter in said district; that, in the regular democratic primary election held in July, 1928, the said Braley, the plaintiff Allen, and a third man were candidates for the democratic nomination for the office of district attorney for said judicial district; that in said July primary election Braley received 4334 votes, plaintiff received 2983 votes, and the third man received 2554 votes; that the name of Braley and that of the plaintiff were placed upon the official ballot in the August primary election, as candidates for said nomination; that in this election, Braley received a majority of the votes cast; that because of his not having resided in the Thirty-first district, the said Braley is and was ineligible to the office of District Attorney for that district and was disqualified to be nominated for that office. The Court of Civil Appeals has certified certain questions to the Supreme Court. The certificate of the Court of Civil Appeals sets out at length the nature of the case and the allegations of the plaintiff's petition, and submits six certified questions. The first five of these questions relate to Braley's eligibility to the office of district attorney and to his right to be nominated for that office in the primaries. For reasons to appear hereafter, these first five questions are immaterial to a decision of this case; we refrain, therefore, from considering them.

The sixth question certified is as follows:

"If it is required that Braley be a resident of the Thirty-first Judicial District * * * in order to be such eligible candidate or nominee, * * * we ask whether or not the next highest candidate at such (July primary) election should be declared the nominee?"

Under the provisions of Article 3102 of the statutes, no candidate for the office of district attorney is entitled to have his name go on the official ballot at the general election in November, as the nominee of the democratic party, unless, in the primary election held by that party, he receive a majority of the votes cast for all the candidates for said nomination. The allegations of the plaintiff's petition show that the plaintiff, as candidate for the nomination for district attorney, did not receive such a majority in either the July or the August primary election. Regardless, therefore, of whether Braley is eligible or not, the plaintiff cannot be declared the democratic nominee for that office. For notwithstanding a candidate be ineligible to the office he seeks, and thereby disqualified to be nominated therefor, and is known by the voters to be so, the votes cast for him must be taken into account in determining whether or not his opponent has received a majority of the votes cast. McCrary on Elections (4th Ed.), Sec. 330; 20 C. J., p. 207, and authorities cited in footnote 43.

The petition, therefore, fails to show that the plaintiff has a legal right, distinct from the general public of which he is a member, which will be affected by the certification of Braley as the democratic nominee for district attorney, or by the printing of his name, as such, on the official ballot at the general election in November. The plaintiff, as an individual, is not shown to have a justiciable interest in the matter. He, therefore, is not entitled to maintain this suit unless authorized to do so under that provision of Article 2929 of the statutes now to be noticed. A portion of that article provides in effect that the district court shall have authority to issue writs of injunction at the suit of "any voter," to restrain the placing of the name of an ineligible candidate upon the official ballot at any general or special election. Under the facts of this case and though Braley be ineligible as alleged, the certification of his name as the democratic nominee, and the placing of his name on the ballot at the general election, are matters of public concern exclusively. Such being the case, any suit in respect of those matters must be prosecuted by the state. Staples v. State, 112 Texas, 61, 245 S. W., 639. Whatever be the true import of the statutory provision just referred to, that provision cannot have effect to invest the plaintiff, simply because

42

he is a voter, with the authority to maintain this suit. The Constitution does not permit this to be done. It is said in the case just cited that

"It is necessary for the state to be a party where the action is for the benefit of the public at large, though growing out of a primary election. The statute cannot confer a right upon private individuals to act for all where it is shown they have no interest different from all others."

The Constitution provides that the county attorney shall represent the State in all cases in the district court. By other constitutional provisions the Legislature is authorized to impose that duty on the attorney general, and, in prescribed circumstances, upon the district attorney. See State Constitution, Art. V, Sec. 21; Art. IV, Sec. 22. These constitutional provisions mark the limits of legislative authority to prescribe who shall represent the State and control its interests in a lawsuit in the District Court. The Legislature is impliedly restrained from conferring such duty and responsibility on the individual citizen. Maud v. Terrell, 109 Texas, 97, 200 S. W., 375. The plaintiff, therefore, has no authority to maintain this suit, as a voter, independently of a public official who is properly clothed with that authority.

We recommend that the sixth certified question be answered "No."

The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

*C. M. Cureton,* Chief Justice.