## ROSETTE v. REYNA.

### No. 11673.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 9, 1946.

Strickland, Ewers & Wilkins, Pat J.
Howe, and J. E. Wilkins, all of Mission,
for appellant.

E. A. McDaniel, of McAllen, and S. B.
Smith, of Edinburg, for appellee.

PER CURIAM.

S. P. Rosette and E. B. Reyna were op-
posing candidates for the Democratic nom-
ination for the office of County Commis-
sioner of Precinct No. 3, Hidalgo County,
Texas. Reyna and Rosette were the two
high men in July, 1946, primary, and in the
run-off primary held in August, Reyna re-
ceived 1691 votes and Rosette, 1352 votes.
Reyna was certified as the Democratic nom-
inee.

Rosette instituted these proceedings by
filing a petition in the District Court. Pro-
cess was served under order of the court
in accordance with the provisions of Article
3130, Vernon's Ann.Civ.Stats.

Rosette's sole contention was that Reyna
was an ineligible candidate for the office
involved, for the reason that he had not re-
sided in Commissioners' Precinct No. 3 for
a period of six months prior to the pri-.
mary elections, Articles 2927 and 2928,
Vernon's Ann.Civ.Stats., and that under the
articles cited all votes cast for Reyna

should be disregarded and he (Rosette) declared the Democratic nominee.

The relief prayed for in the petition was for an injunction restraining the County Clerk from printing Reyna's name on the official ballot for the general election as the Democratic nominee and for a writ of mandamus or mandatory injunction against the Democratic party officials and the County Clerk directing that Rosette be duly certified and his name printed on the official ballot as the Democratic nominee.

The trial court rendered judgment that Rosette take nothing.

■ The relief prayed for in this case and the asserted grounds therefor are similar to those involved in the case of Allen v. Fisher, 118 Tex. 38, 9 S.W.2d 731. In substance the two cases are the same, and in our opinion the mere fact that this proceeding was instituted under Article 3130, relating to contests of primary elections, does not make the holdings of Allen v. Fisher inapplicable here. Rosette did not receive a majority of the votes cast in either the July or August primary. Regardless, therefore, of whether Reyna is eligible or not, Rosette cannot be declared the Democratic nominee for the office. Allen v. Fisher has never been overruled by the Supreme Court and is therefore binding upon us.

The trial court took the view that inasmuch as the Hidalgo County Democratic Executive Committee decided that nominations for county officers should be by majority vote, said committee would be subject to a mandatory court order directing that "as many successive elections (be held) as time would permit to determine such majority"; the basis of this holding being the wording of Article 3106, Vernon's Ann.Civ.Stats. Upon the basis of this construction of Article 3106 and Rosette's alternative plea that a further primary election be called (an element not present in Allen v. Fisher), the trial court held that Rosette had a justiciable interest in the question of Reyna's eligibility as a candidate for the office of county commissioner. This issue was decided favorably to Reyna after a full hearing of evidence.

■ It is unnecessary for us to pass upon the correctness of the trial court's construction of Article 3106, as it is readily apparent that at the time of the rendition of this opinion, no effective order for a further primary election can be issued without interfering with absentee voting at the general election. When, by reason of the time element, Rosette's asserted demand for a further primary became barred, his justiciable interest thereupon ceased to exist.

■ We are further of the opinion that the evidence raised an issue of fact as to Reyna's actual residence. The trial court found that Reyna was a resident of Commissioners' Precinct No. 3, and the evidence was such that reasonable minds might draw different inferences and conclusions therefrom, consequently the trial court's finding is binding upon this Court. Commercial Standard Ins. Co. v. Davis, 134 Tex. 487, 137 S.W.2d 1.

The judgment appealed from is affirmed.

■ Because sufficient time does not remain for us to determine a motion for rehearing in accordance with the regular procedure of this Court, prior to the time set for the commencement of absentee voting in the general election, no motion for rehearing will be entertained and the clerk will forthwith issue the mandate evidencing the judgment of this Court.