### KAMAS v. STEPAN et al.
### No. 11841.

Court of Civil Appeals of Texas. Galveston.

Oct. 17, 1946.

C. C. Jopling, of LaGrange, for appellant.

C. D. Duncan, of Bellville, and Richard Spinn, of Brenham, for appellees.

MONTEITH, Chief Justice.

This action was brought by appellant, W. D. Kamas, for judgment declaring appellee, Otto H. Stepan, to be ineligible to hold the office of County Commissioner of Precinct No. 2, of Austin County, Texas, and that appellant be certified to the county clerk of Austin County as the legal nominee for said office, with directions that appellant's name be placed on the general election ballot as the official nominee of the Democratic party for said office, and that the county clerk of Austin County be enjoined from placing the name of appellee on said ballot.

Appellant alleged that he and appellee were candidates for said office in the Democratic primary election held in Austin County on July 27, 1946, and that upon a canvass of the returns upon said election the Democratic Executive Committee of said County had counted all votes cast for appellee and had certified his name and appellant's name as being the two candidates receiving the highest number of votes in said election, and had placed their names on the ballot for the run-off election which was held on August 24, 1946. Appellant

alleged that all votes counted in the July 27 election for appellee were void, for the reason that appellee was not eligible to have his name placed on said ballot by reason of the fact that he had not been a resident of Precinct No. 2 of Austin County for a period of six months next preceding the date of the election, as required by Article 2927 of the Revised Civil Statutes of 1925, and that therefore he, appellant, had received the highest number of legal votes for said office that the election officials were allowed to count, and that he was entitled to have his name placed on the general election ballot as the Democratic nominee for said office.

Appellee answered by general denial, and by special plea that he and his wife had been engaged in temporary war work in a ship yard in Harris County, Texas, for a time during World War II, but that they had always maintained their residence in Precinct No. 2 of Austin County, Texas, and had never acquired or intended to acquire or establish a fixed place of residence or domicile in any other locality.

In a trial before the court without a jury judgment was rendered in favor of appellee, denying appellant all relief sought in the suit.

It was stipulated by the parties that five candidates had entered the race for Commissioner of Precinct No. 2 of Austin County, Texas, and that they received the following votes: Otto H. Stepan, 143; W. D. Kamas, 132; Robert Witteneben, 74; Ed. G. Vavara, 56; F. H. Havischer, 51; that the Democratic Executive Committee of Austin County had certified W. D. Kamas and Otto H. Stepan as the two highest candidates for the run-off election that was held on August 24, 1946, and that in said run-off election Otto H. Stepan had received a total of 278 votes and that W. D. Kamas had received 223 votes; that the Democratic Executive Committee had certified the name of appellee, Otto H. Stepan, to be posted by the county clerk of Austin County, Texas, as having received a majority of the votes cast in said run-off election, and had ordered that his name be placed upon the official general election ballot as the nominee of the Democratic

party for the said office of County Commissioner of Precinct No. 2 of Austin County, Texas, to be held on the first Tuesday of November, 1946.

It was further stipulated that there is no question in this law suit as to the manner in which said election was held or of the qualifications of the voters, the only question being as to whether appellee, Otto H. Stepan, or appellant, W. D. Kamas, is entitled to be entered as the nominee of the Democratic Party for the office of County Commissioner of Precinct No. 2 of Austin County, Texas, and held as the nominee for said position.

The trial court found, in substance, on what we deem to be sufficient evidence, that appellee, Otto H. Stepan, and his wife had been born and reared in Commissioner's Precinct No. 2 of Austin County, Texas, and that they had at all times maintained their residence and domicile therein; that appellee had entered into a contract for the purchase of his present home in Commissioner's Precinct No. 2 of Austin County, Texas, in 1941, and that he had completed the payment therefor out of his earnings in war emergency work in which he was temporarily engaged in Harris County, Texas, in the year 1944; but that during such time his family had continued to reside and live in their own home in Commissioner's precinct No. 2 of Austin County, Texas; that such sojourn in Harris County, where appellee was engaged in emergency war work, was only temporary and for the duration of the emergency, and that neither he nor his wife had intended to nor did they abandon during such temporary absence their place of residence and their home in Commissioner's precinct No. 2 of Austin County, Texas, but that they had always remained actual bona fide inhabitants of Commissioner's Precinct No. 2 of Austin County, Texas.

The controlling questions presented on the appeal are: (1) Whether, within the meaning of Article 2927, Revised Civil Statutes of 1925, appellee has resided in Precinct No. 2 of Austin County, Texas, for six months next preceding the filing of the suit, and (2) whether since this suit involves only a question as to whether or

not appellee is entitled to be entered as the nominee of the Democratic Party for the office of County Commissioner of Precinct No. 2 of Austin County, Texas, and there is no question as to the manner in which said election was held, or the qualifications of the voters, appellant can maintain this suit in his individual capacity, or prosecute it without the joinder of the State of Texas, acting by and through its duly authorized and empowered officers.

As to the question of appellee's residence, Article 2927, Revised Civil Statutes of 1925, provides that:

"No person shall be eligible to any State, county, precinct or municipal office in this State unless he shall be eligible to hold office under the Constitution of this State, and unless he shall have resided in this State for the period of twelve months and six months in the county, precinct, or municipality, in which he offers himself as a candidate, next preceding any general or special election, and shall have been an actual bona fide citizen of said county, precinct, or municipality for more than six months. No person ineligible to hold office shall ever have his name placed upon the ballot at any general or special election, or at any primary election where candidates are selected under primary election laws of this State; and no such ineligible candidate shall ever be voted upon, nor have votes counted for him, at any such general, special, or primary election."

The provisions of said Article 2927 that no candidate for any state, county, precinct, or municipal office in this state shall ,be eligible to hold office unless he shall have resided in the State for a period of twelve months and six months in the county, precinct or municipality in which he offers himself as a candidate, next preceding any general or special election, are identical with the wording of that part of Article 4631, Vernon's Ann.Civ.St. art. 4631, which provides that no suit for divorce shall be maintained in the courts of this state unless the petitioner for such divorce shall, at the time of exhibiting his or her petition, be an actual bona fide inhabitant of this state for a period of twelve months and *shall have resided in the county where the suit is filed for six months preceding the filing of the petition.* (Emphasis ours).

In the case of Stone et al. v. Phillips, 142 Tex. 216, 176 S.W.2d 932, the Supreme Court of this State, in passing on a similar question, held that in construing the requirement of six months residence under said Article 4631, our courts have uniformly held that a construction of said statute which would require the petitioner to have lived the entire year in the state, or the entire six months in the county, before bringing suit for a divorce, would be unreasonable, and that an individual who follows a calling which takes him to other states or other counties may be considered a resident of the county to which he returns, or intends to return, after his business is finished. Snyder v. Snyder, Tex. Civ.App., 279 S.W. 897; Fox v. Fox, Tex. Civ.App., 179 S.W. 883; 15 Tex.Jur., page 538, Sec. 76.

In this case the trial court who heard the evidence and had the opportunity of observing the witnesses expressly found that appellee had actually lived and resided in Precinct No. 2 of Austin County, Texas, at all times, and that neither he nor his wife had ever intended to abandon their place of residence therein, and that they did not, during such time, ever acquire or intend to acquire any other place of abode or fixed and permanent place of residence.

It follows, we think, that the trial court having found that appellee did not abandon his residence in Austin County during the time he was temporarily engaged in war work in Harris County, he did not thereby lose his right to hold office in Precinct No. 2 of Austin County under the provisions of said Article 2927.

The exact question as to whether or not this is an election contest, and, if not, whether appellant can maintain or prosecute this suit in his individual capacity and without the joinder of the State of Texas, acting by and through its duly authorized and empowered representatives, has been decided against appellant and in conformity with appellee's contentions in the case of Allen v. Fisher, 118 Tex.Com.App. 38, 9 S.W.2d 731.

In that case there were three candidates for the office of district attorney in the first Democratic primary election held in July, 1928. The candidate Braley received 4334 votes; the candidate Allen received 2923 votes, and a third candidate received 2554 votes. The names of Braley and Allen were placed on the ballot for the August run-off primary election. In that election Braley received a majority of the votes cast. Allen contended that Braley had not resided in that district for the time required by the Statute at the time of the primary election and brought suit to restrain the placing of Braley's name on the ballots at the general election, and for a mandatory injunction requiring that his, Allen's name be certified as the duly elected nominee for said office and that it be placed on the ballot for the general election.

The Court of Civil Appeals certified to the Supreme Court the question: "If it is required that Braly be a resident of the Thirty-First Judicial District * * * in order to be such eligible candidate or nominee, * * * we ask whether or not the next highest candidate at such (July primary) election should be declared the nominee?"

The Commission of Appeals in its opinion held that:

"Under the provisions of article 3102 of the statutes, no candidate for the office of district attorney is entitled to have his name go on the official ballot at the general election in November, as the nominee of the Democratic party, unless, in the primary election held by that party, he receives a majority of the votes cast for all the candidates for said nomination."

The court held that, whether Braley was eligible or not the plaintiff could not be declared the Democratic nominee for that office, for the reason that, notwithstanding the fact that a candidate is ineligible to the office he seeks and thereby disqualified to be nominated therefor, and is known by the voters to be so, the votes cast for him must be taken into account in determining whether or not his opponent has received a majority of the votes cast.

The court further held in its opinion that Allen, the defeated candidate, did not have a legal right, distinct from the general public of which he was a member, which would be effected by the certification of Braley as the Democratic nominee for district attorney, or by the printing of his name, as such, on the official ballot at the general election in November; that he as an individual was not shown to have a justiciable interest in the matter and that he was not authorized to maintain his suit.

■ Under the undisputed and stipulated facts in this case, the appellant, W. D. Kamas, did not receive a majority of the votes cast at either the July or August primary elections and was, therefore, not entitled in any event to have his name certified as the nominee of the Democratic party to the office of Commissioner of Precinct No. 2 of Austin County at the general election to be held in November, 1946. Therefore he has no interest distinct from the general public which would have been affected by the certification of Stepan as the Democratic nominee for said office, or by the printing of his name as such on the official ballot in the general election in November, and he had no authority to maintain this suit independently of a public official who is properly clothed with that authority.

It follows that, under the above authority, this appeal must be dismissed.

Dismissed.