

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

November 18, 1948

Hon. J. G. Anderson
County Attorney
Freestone County
Fairfield, Texas

Opinion No. V-719

Re: Election of County Attorney who obtained his license to practice law after the primary and before the general election.

Dear Sir:

Your letter states that Mr. Elmer McVey was a candidate for the office of County Attorney in the July primary election. At that time he was not a licensed atterney. No pretest as to his eligibility was raised. He nevertheless received the nemination. Subsequent to the primary and before the general election in November, he became duly licensed. He was elected at the November general election. Article 332 V. C. S. provides that no person who is not a licensed attorney shall be eligible to the office of County Attorney. You request an opinion as to whether McVey was legally nominated and elected in view of that statute, and whether he may legally assume the effice.

Section 21, Article V of the Constitution reads, in part:

"A county attorney, for counties in which there is not a resident criminal district attorney, shall be elected by the qualified voters of each county, who shall be commissioned by the Governor, and hold his office for the term of two years. . . ."

Article 332, V. C. S. provides that "no person who is not a duly licensed atterney at law shall be eligible to the effice of district or county attorney."

Mr. McVey was ineligible at the time his name was placed on the primary ballet. He thereafter became a duly licensed attorney at law. On November 2, 1948, after having been licensed, he received more votes for county attorney in the general election on that date than were

cast for any other person for that office.

In Cunningham v. McDermett, 277 S. W. 218 (error refused), Cunningham defeated McDermett in the primary. In the general election Cunningham received 75 votes and McDermett received 97 write-in votes. Twenty-five of McDermett's voters had voted in the primary. It was contended that McDermett could not take the benefit of said 25 voters. The Court said:

"Appellant claims that on account of the provisions of article 3166, R. S. Mc-Dermett would have been disqualified from having his name placed on the official ballot as the candidate of any party or as an independent or nonpartisan candidate, and with his position in this matter we must agree (Westerman v. Mims, 111 Tex. 29, 227 S. W. 178); yet we think there is a material difference between a person's right to have his name placed upon the official ballot and his right to an office to which a majority of the voters have seen fit to elect him by writing his name on the ballot. . . ."

". . . Therefore, we must disagree with appellant on his proposition that, because McDermett had theretofore participated in the Democratic primary, and had filed a contest before the county Democratic executive committee, he was legally disqualified to be elected to the office of county and district clerk."

In Opinion No. O-2632-A by a former Attorney General, it was held, in accordance with the Supreme Court decision in Allen v. Fisher, 118 Tex. 38, 9 S. W. (2d) 731, that where an ineligible candidate received the largest number of votes, the second high candidate was not the nominee. The latest case to that effect is Ramsey v. Dunlop (1947) ____ Tex. ____, 205 S. W. (2d) 979.

In view of the foregoing we are of the opinion that Mr. McVey, having obtained his license as an attorney at law before the general election, if he received more votes of the qualified voters voting at the election than were cast for any other person for county attorney, the

question of ineligibility at the date of the primary is unimportant and moot. Having been duly licensed, he is eligible to enter the office of County Attorney.

## SUMMARY

Where a candidate for county attorney was a duly licensed attorney at law when he received more votes for the office than were cast for any other person at the general election, the fact that such candidate was not an attorney when he was nominated in the primary election is immaterial. Having become duly licensed, he is eligible to assume the office.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

W. T. Williams
Assistant

WTW:wb

APPROVED:

ATTORNEY GENERAL