## PENA v. MONTALVO.
### No. 12210.

Court of Civil Appeals of Texas.
San Antonio.
Oct. 4, 1950.

Gerald Weatherly, Corpus Christi, for appellant.

Magus F. Smith, McAllen, A. J. Vale, Rio Grande City, for appellee.

PER CURIAM.

This is an election contest growing out of a primary election. Eligio Pena instituted this proceeding against E. A. Montalvo, who had received a certificate of nomination as County Commissioner of Precinct No. 4 of Starr County, Texas, in the Democratic Primary Election of July 22, 1950. According to the canvass by the Executive Committee, Pena received 167 votes and Montalvo received 424 votes.

The only ground of this contest is that Montalvo did not reside in Precinct No. 4 of Starr County, and therefore is ineligible to hold the office of County Commissioner of that precinct. The trial court sustained special exceptions to appellant's petition and upon his refusal to amend dismissed the proceedings, and from that judgment Eligio Pena has prosecuted this appeal.

Appellant now concedes that in no event can he be declared to be the nominee of the Democratic Party for the office of County Commissioner of Precinct 4 of Starr County as a result of the July 22, 1950, primary election, because admittedly he did not receive a majority of the votes cast for that office, and he has abandoned any effort to have himself declared the nominee of the party. A candidate who does not receive the majority of the votes cast in a primary election for an office cannot be declared to be the nominee of the party for that office, even though his opponent is ineligible to hold the office by reason of the fact that he does not reside within the precinct in which the election is held. Rosette v. Reyna, Tex.Civ.App., 196 S.W.2d 658; Allen v. Fisher, 118 Tex. 38, 9 S.W.2d 731; Kamas v. Stepan, Tex. Civ.App., 197 S.W.2d 193; Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979.

However, appellant, while now conceding that he cannot be declared the nominee of the party for this office, asks that his opponent be adjudged not to be the nominee because he does not reside in said Precinct No. 4. Appellant cannot maintain this suit for that purpose, because he does not have a justiciable interest in the subject matter of the suit which is different from the interest of the general public. Appellant contends that if the nomination of appellee should be declared void and his name ordered not to be printed upon the official ballot in the General Election, he would then be able to run for the office as a write-in candidate, without the handicap of having appellee's name printed upon the ballot, and that this fact gives him a justicable interest in the lawsuit which is different from the interest of the public at large. We cannot agree with this contention. The privilege that he would have of running as a write-in candidate would be a privilege which any other qualified voter residing in Precinct No. 4 of Starr County would have.

In 29 C.J.S., Elections, § 266, p. 375, it is said: "Where, although the candidate who received the highest number of votes is ineligible to hold office, the candidate who received the next highest number is not deemed to have been elected, as discussed supra § 243, the candidate receiving the next highest number of votes cannot contest the election of the candidate who received the highest number on the ground of the latter's ineligibility."

To the same effect is 20 C.J. p. 224, § 289, reading as follows: "Since a candidate who does not receive at least a plurality of all the votes cast cannot be declared elected, it follows that a candidate receiving the next highest number of votes cannot contest the election of the candidate who received the highest number upon the ground of the latter's ineligibility."

The judgment of the trial court will be affirmed.