George OSER, Appellant,

v.

Mrs. H. W. CULLEN et al., Appellees.

No. 15379.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Dec. 5, 1968.

Rehearing Denied Jan. 9, 1969.

James J. Hippard, Raeburn Norris, Robert B. Hinsley, Al Schulman, Houston, Pierre Schlumberger, Houston (on motion for rehearing), for appellant.

Grant Cook, Henry A. Sauer, Jr., Houston, for appellees; Reynolds, White, Allen & Cook, Houston, of counsel.

PEDEN, Justice.

Appellant, George Oser, brought this election contest against Mrs. H. W. Cullen and the Houston Independent School District under the provisions of Article 9.15, Vernon's Annotated Texas Statutes, Election Code, asking that the court declare void a special runoff election held on December 5, 1967 for Trustee Position No. 7 of the District, also declare void the certificate of election issued to Mrs. Cullen and order another runoff election.

This appeal is from an order granting appellees' motion for summary judgment and denying that of appellant. Appellant concedes that there are no issues as to any material facts concerning his qualifications and right to be on the ballot in the runoff election.

All references to statutes in this opinion will be to their wording in effect on December 5, 1967 unless the contrary is noted.

Dr. Oser, Mrs. Cullen and three others were candidates in the election held on No-

vember 18, 1967, for Trustee Position No. 7. On November 21 the Board canvassed the election returns and found that no candidate had received a majority of the votes. Mrs. Cullen was declared to have received 59,088 votes, Dr. Oser 53,960 votes and Mr. Coronado, the third highest total, 3,696 votes. The Board ordered that a special runoff election be held on December 5. On November 22, the registrar of the voters of Harris County upheld a challenge to appellant Oser's registration as a voter, filed pursuant to Article 5.17a of the Election Code, and cancelled the voter registration certificate that had been issued to him. The decision of the registrar was appealed to the District Court, and after trial de novo the trial judge in that cause on November 24 affirmed the cancellation, finding that appellant had failed to register during the prescribed period and had not made a reasonable effort to do so. Art. 5.17a(2) provides that the decision of the district court is final. On November 25 the Board ordered the names of Mrs. Cullen and Mr. Coronado placed on the ballot. At the election on December 5 Mrs. Cullen received the most votes and was declared elected.

This cause was filed on January 8, 1968. In his second amended petition appellant contests the results of the election. He asserts that he was eligible, if elected, to hold the office he sought, that the number of votes he received entitled him to participate in the runoff election and that the action of the majority of the Board in refusing to place his name on the ballot was illegal. He states that since there is no way to determine who would have won the election if his name had been on the ballot, the results should be declared void and a new election ordered.

In appellees' motion for summary judgment, granted by the trial court, they state among other things that in view of the finality of the district court's order of November 24, 1967 cancelling appellant's voter registration (and the failure of his efforts to appeal from it) he was not on December

5, 1967 a qualified voter, and they point out that with respect to independent school districts Section 1, Art. 2776a, Vernon's Ann. Tex.Civ.St., provides "No person shall be elected as a trustee of a school district in this state unless he is a qualified voter."

Appellant Dr. Oser's first point of error states:

"THE TEXAS CONSTITUTION DOES NOT REQUIRE THAT APPELLANT BE A REGISTERED VOTER IN ORDER TO BE A QUALIFIED CANDIDATE FOR SCHOOL TRUSTEE; THUS, NO STATUTE CAN IMPOSE SUCH A REQUIREMENT ON HIM.

"A. Article I, Sec. 2 And Article VI, Sec. 2 Of The Texas Constitution, When Construed In The Light Of Constitutional History, Clearly Prohibit Voter Registration As A Prerequisite To Being A Candidate For Public Office.

"B. The Terms 'Qualified Elector' and 'Qualified Voter' Are Synonymous. This Being So, The Term 'Qualified Voter' As Used In Art. 2776a Cannot Conflict With The Term 'Qualified Elector' As Applied To Candidates By The Texas Constitution.

"C. School Trustees Are Public Officers; And Art. VII Of The Texas Constitution Does Not Invest The Legislature With Carte Blanche Power To Add Qualifications To, Or Deduct Disqualifications From, Those Prescribed For Public Officers By The Constitution.

"1. School Trustees Are Public Officers.

"2. Art. VII Of The Texas Constitution Does Not Invest The Legislature With The Power To Ignore The General Provisions Of The Constitution Relating To The Qualifications And Disqualifications Of Public Officers."

Appellant contends that if the requirement in Sec. 1 of Art. 2776a that a school trustee be a qualified voter is interpreted to mean that he must be a registered voter, then it is unconstitutional; we hold that such statute does require that any person elected as trustee of an independent school district after the effective date of the act, August 30, 1965, be a registered voter.

Article 1.01a of the Election Code defines, as used in the Code, the term "qualified voter" or "qualified elector" to mean a person who meets all qualifications and requirements for voting as prescribed in Article 5.02 of the Code.

The wording of Art. 5.02, which stated qualifications for voting in effect in December, 1967, was:

"Every person subject to none of the foregoing disqualifications who shall have attained the age of twenty-one years and who shall be a citizen of the United States and who shall have resided in this State one year next preceding an election, and the last six months within the district or county in which such person offers to vote, *and who shall have registered as a voter*, if required to do so, shall be deemed a qualified elector. Any qualified elector who is over sixty years of age on the day of an election at which he offers to vote and who does not reside in a city of ten thousand or more inhabitants may vote at the election without having registered as a voter, except that in any county having five hundred thousand or more inhabitants, such persons shall be required to register if the commissioners court of the county by order directs that all voters of the county shall be required to register irrespective of age or whether they do or do not reside in a city of ten thousand or more inhabitants. *Except as provided in the preceding sentence, no person shall be permitted to vote unless he has registered in accordance with the provisions of this Code.* The provisions of this Section, as modified by Sections 35 and 39 of this Code, shall apply to all elections, includ-

ing general, special, and primary elections, whether held by the State, by a county, municipality, or other political subdivision of the State, or by a political party." (emphasis added)

We think the requirement in Art. 2776a plain and unambiguous. A similar requirement, that a trustee of common school district be a qualified voter in such district, has been part of Art. 2745, V.A.T.S. since 1929. We find no Texas cases construing such requirement in either Art. 2776a or in Art. 2745, but note that Attorneys General of Texas have in Op.Atty.Gen.1939, No. O–435 and in Op.Atty.Gen.1941, No. O–3554 ruled that to be a qualified voter in compliance with Art. 2745 one must have held a poll tax receipt or a valid exemption certificate when elected. Under our present voter registration laws we can conceive of no reason why such statute would not have required on December 5, 1967, a voter registration certificate since Art. 5.23a of the Election Code provides that under the statutes of Texas all references to a poll tax receipt or an exemption certificate, unless the context clearly requires otherwise, shall be construed to mean a voter registration certificate.

In a suit brought under Art. 1181, V.A.T.S., that statute's requirement that petitioners for a referendum election be "qualified voters" has been held to require that such petitioners had either paid their poll tax or obtained an exemption certificate. Texas Power and Light Co. v. Brownwood Public Service Co., 111 S.W.2d 1225 (Austin Civ.App., 1937, writ ref.).

The first paragraph of Art. 1.05 of the Election Code sets out certain qualifications which must be met by anyone who is a candidate for any public office in Texas. The second paragraph of the article states that such requirements shall not apply to any office for which the Constitution or statutes of the United States or of this State prescribe qualifications in conflict therewith, and in case of conflict the provisions of such other laws shall control.

Art. 2776a, V.A.T.S., is in conflict with the qualifications listed in Art. 1.05 of the Election Code, so the provisions of Art. 2776a control.

Appellant's second point is that under the settled rules of statutory construction, Art. 2776a, V.A.T.S., should not be construed as requiring school trustee candidates to be registered voters.

■ Art. 7 of the Texas Constitution states that it shall be the duty of the Legislature to pass laws which will establish a system of public free schools and that the Legislature is authorized to provide for the formation of school districts and for the management and control of the public schools of such districts. That there are constitutional limits to this delegation of authority is shown by Kimbrough v. Barnett, 93 Tex. 301, 55 S.W. 120; the Texas Supreme Court pointed out that the Legislature lacks authority to enact statutes which conflict with express constitutional limitations to the terms of office, but we find nothing in the Texas Constitution which prevents the Legislature from enacting a valid law requiring that a school district trustee must be a qualified voter. The Constitution establishes qualifications for certain constitutional offices but leaves it to the Legislature to prescribe qualifications for many other offices.

The Texas Constitution of 1869 contained a requirement in Art. 3, Sec. 14, that candidates of public office must be registered voters. This provision was omitted when the Constitution of 1876 was adopted, and it has not appeared since that time. Appellant, citing Dickson v. Strickland, 114 Tex. 176, 265 S.W. 1012 (1924), contends that such omission, coupled with the restoration of Art. 1, Sec. 2 in 1876, returns to the people the power to require that a candidate for a public office be a qualified voter. We believe this position would constitute an extension of the holding in Dickson v. Strickland, which holding we apply to offices whose qualifications are prescribed by

the Constitution. Burroughs v. Lyles, 142 Tex. 704, 181 S.W.2d 570 (1944).

The Texas Supreme Court pointed out in Shepherd v. San Jacinto Junior College District, 363 S.W.2d 742, at page 743:

"A state constitution, unlike the federal constitution, is in no sense a grant of power but operates solely as a limitation of power. 'All power which is not limited by the constitution inheres in the people, and an act of a state legislature is legal when the Constitution contains no prohibition against it.' Watts v. Mann, Tex.Civ.App., 187 S.W.2d 917, wr. ref., 11 Am.Jur. 619, Constitutional Law, § 18. All intendments are against restrictions upon the legislative power and the applicable rule was stated by this Court in State v. Brownson, 94 Tex. 436, 61 S.W. 114 as follows:

" 'The legislative department of the state government may make any law not prohibited by the constitution of the state or that of the United States. Therefore the rule is that, in order for the courts to hold an act of the legislature unconstitutional, they must be able to point out the specific provision which inhibits the legislation. If the limitation be not express, then it should be clearly implied.' "

■ Since the Constitution does not specifically limit the Legislature in enacting provisions as to eligibility for statutory offices (as opposed to constitutional offices) the Legislature is empowered to do so.

There is no right at common law to contest in a court a public election, so appellant must rely on constitutional or statutory provisions for relief. He bases this contest on Art. 9.15 of the Election Code:

"If it appears on the trial of any contest provided for in Section 134 [Art. 9.06] that it is impossible to ascertain the true result of the election as to the office about which the contest is made, either from the returns of the election or from any evidence within reach or from the returns considered in connection with other evidence, or should it appear from the evidence that such a number of legal voters were, by the officers or managers of the election, denied the privilege of voting as, had they been allowed to vote, would have materially changed the result, the court shall adjudge such election void, and direct the proper officers to order another election to fill said office; which election shall be ordered and held and returns thereof made in all respects as required by the general election laws of the State."

■ Appellant does not contend that any legal voters were denied the right to vote, and we hold that the facts, which are uncontroverted, do not make it impossible to ascertain the true result of the election. The votes have been canvassed and a certificate of election issued to Mrs. Cullen by the Board of Trustees, the body authorized by statutes to so act. In an election contest only such matters as happen on the day of the election and pertain strictly to the election may be inquired into or determined by the district court. Harrison v. Jay, 153 Tex. 460, 271 S.W.2d 388 (1954), citing Turner v. Allen, 254 S.W. 630 (Beaumont Civ.App., 1923, writ dism.). The latter case is a construction of Articles 3053 and 3054, Revised Statutes, 1911, and such Art. 3053 (1911) is the source of the provision of Art. 9.15 of the present Election Code on which appellant must rely.

We overrule appellant's points of error.

Appellees' first cross-point asserts that their plea to the jurisdiction should have been sustained because appellant had no standing to bring this action in the nature of a statutory election contest.

■ Appellant did not receive a majority of the votes cast at either the November 18 election or the December 5 election (his name did not appear on the ballot in the latter one), so he was not entitled to receive a certificate of election. Therefore he has no interest distinct from the general public which would have been af-

fected by the certification of election of Mrs. Cullen, and he had no authority to maintain this suit independently of a public official who is properly clothed with that authority. Kamas v. Stepan, 197 S.W.2d 193 (Galveston Civ.App., 1946, no writ); Allen v. Fisher, 118 Tex. 38, 9 S.W.2d 731 (1928).

Although the opinion in Blakemore v. Board of Trustees, 262 S.W. 843 (Galveston Civ.App., 1924, no writ), does not mention that one of the plaintiffs was an unsuccessful candidate in the contested election, the transcript reflects that he was. In affirming the trial court's dismissal of the contest the appellate court said:

"* * * as the contest instituted in the present case was by parties none of whom were or are asserting any claim or right to the office involved by virtue of the election sought to be contested, or otherwise, the court was without jurisdiction to entertain said attempted contest, and therefore there was no error in dismissing the same."

We sustain appellees' first cross-point. The judgment of the Trial Court is affirmed.