Jerry SADLER, Appellant,

v.

Jon NEWTON et al., Appellees.

No. 12519.

Court of Civil Appeals of Texas, Austin.

Sept. 16, 1976.

Jerry Sadler, Houston, for appellant.

Shannon H. Ratliff, McGinnis, Lochridge & Kilgore, Austin, for Jon Newton.

John L. Hill, Atty. Gen., David M. Kendall, Jr., First Asst. Atty. Gen., Austin, for Mark White, Secretary of State.

SHANNON, Justice.

This appeal arises from the selection of appellee, Jon Newton, as the Democratic nominee for the office of Railroad Commissioner in the June, 1976, runoff primary. Appellant, Jerry Sadler, is the defeated candidate. Other appellees are the Secretary of State and officials of the State Democratic Executive Committee.

In the runoff primary Newton received 541,444 votes and Sadler received 272,350 votes. Thereafter, Sadler filed suit in district court of Travis County seeking to enjoin the Secretary of State and Democratic party officials from certifying Newton as the party's nominee. Sadler also prayed that his name be certified by those officials as the party's nominee for the office of Railroad Commissioner.

Sadler pleaded several grounds for suit among which was that Newton was ineligible by virtue of Tex.Const. art. III § 18. Section 18 provides, in general, that a member of the Legislature, during the term for which he was elected, is not eligible for a State office for which the salary has been increased during that term. Section 18 provides further that the fact that the term of office of members of the Legislature does not end ". . . precisely on the last day of December but extends a few days into January of the succeeding year shall be considered as *de minimis,* and the ineligibility herein created shall terminate on the last day of December of the last full calendar year of the term for which he was elected." In that connection Newton, as a member of the 64th Legislature, voted for the appropriations bill, which among other things, increased the salary of the office of Railroad Commissioner.

Sadler did not plead any ground which would alter the tabulation of the votes.

Appellees pleaded, among other things, that Sadler, as a defeated candidate, did not have standing to file suit under art. 1.07 or any other provision of the Texas Election Code.

After trial, the district court entered judgment denying all relief requested by Sadler. In its conclusions of law the court concluded *inter alia* that Sadler, as a defeated candidate, was without standing to bring suit under art. 1.07 or any other provision of the Texas Election Code. We think the district court was correct.

Sadler claims that art. 1.07 gives him standing to sue. Article 1.07 provides that the district court shall have authority to issue writs of injunction ". . . at the suit of any interested party, or of any voter . . . ." to enforce articles 1.05 and 1.06. Articles 1.05 and 1.06 are concerned with a candidate's ineligibility for office. The predecessor of art. 1.07 was Tex.Rev.Civ. Stat.Ann. art. 2929. The provisions in art. 1.07 and art. 2929, which are at issue in this appeal, are the same.

In *Allen v. Fisher,* 118 Tex. 38, 9 S.W.2d 731 (1928), the Commission of Appeals, construing art. 2929, held that a defeated candidate did not have standing to enjoin the certification of a nominee on the basis of the nominee's ineligibility. In that case, Allen, the defeated candidate for the Demo-

cratic nomination for district attorney, filed suit seeking to enjoin Democratic party officials and others from certifying Braly as the party's nominee on the basis of Braly's ineligibility to serve.

In answer to a certified question from the Court of Civil Appeals, Judge Harvey in *Allen v. Fisher, supra,* wrote:

"Under the provisions of article 3102 of the statutes, no candidate for the office of district attorney is entitled to have his name go on the official ballot at the general election in November, as the nominee of the Democratic party, unless, in the primary election held by that party, he receives a majority of the votes cast for all the candidates for said nomination. The allegations of the plaintiff's petition show that the plaintiff, as candidate for the nomination for district attorney, did not receive such a majority in either the July or the August primary election. Regardless, therefore, of whether Braly is eligible or not, the plaintiff cannot be declared the Democratic nominee for that office. For, notwithstanding a candidate be ineligible to the office he seeks, and thereby disqualified to be nominated therefor, and is known by the voters to be so, the votes cast for him must be taken into account in determining whether or not his opponent has received a majority of the votes cast. McCrary on Elections (4th Ed.) § 330; 20 C.J. p. 207, and authorities cited in footnote 43.

"The petition therefore fails to show that the plaintiff has a legal right, distinct from the general public of which he is a member, which will be affected by the certification of Braly as the Democratic nominee for district attorney, or by the printing of his name, as such, on the official ballot at the general election in November. The plaintiff, as an individual, is not shown to have a justiciable interest in the matter. He therefore is not entitled to maintain this suit unless authorized to do so under that provision of article 2929 of the statutes now to be noticed. A portion of that article provides in effect that the district court shall have authority to issue writs of injunction at the suit of 'any voter,' to restrain the placing of the name of an ineligible candidate upon the official ballot at any general or special election. Under the facts of this case, and though Braly be ineligible as alleged, the certification of his name as the Democratic nominee, and the placing of his name on the ballot at the general election, are matters of public concern exclusively. Such being the case, any suit in respect of those matters must be prosecuted by the state. *Staples v. State,* 112 Tex. 61, 245 S.W. 639. Whatever be the true import of the statutory provision just referred to, that provision cannot have effect to invest the plaintiff, simply because he is a voter, with the authority to maintain this suit. The Constitution does not permit this to be done. It is said in the case just cited that:

'It is necessary for the state to be a party where the action is for the benefit of the public at large, though growing out of a party primary election. The statute cannot confer a right upon private individuals to act for all where it is shown they have no interest different from all others.'

"The Constitution provides that the county attorney shall represent the state in all cases in the district court. By other constitutional provisions the Legislature is authorized to impose that duty on the Attorney General, and, in prescribed circumstances, upon the district attorney. See State Constitution, art. 5, § 21; art. 4, § 22. These constitutional provisions mark the limits of legislative authority to prescribe who shall represent the state and control its interests in a lawsuit in the district court. The Legislature is impliedly restrained from conferring such duty and responsibility on the individual citizen. *Maud v. Terrell,* 109 Tex. 97, 200 S.W. 375. The plaintiff therefore has no authority to maintain this suit, as a voter, independently of a public official who is properly clothed with that authority." ·

Later opinions of the Courts of Civil Appeals have recognized and followed, as we

do, *Allen v. Fisher, supra.* *Oser v. Cullen,* 435 S.W.2d 896 (Tex.Civ.App.1968, writ dism'd), *Pena v. Montalvo,* 233 S.W.2d 162 (Tex.Civ.App.1950, no writ), *Kamas v. Stepan,* 197 S.W.2d 193 (Tex.Civ.App.1946, no writ), *Rosette v. Reyna,* 196 S.W.2d 658 (Tex.Civ.App.1946, no writ).

Our construction of art. 1.07 is also supported by the fact that the statute was reenacted by the Legislature in 1967 without any substantial change of verbiage. Where a statute, which has been construed by the Supreme Court, is reenacted without any substantial change of verbiage, the statute will continue to receive the same construction. *Texas Employers' Insurance Association v. Holmes,* 145 Tex. 158, 196 S.W.2d 390 (1946).

The judgment is affirmed. Motion for rehearing will not be entertained.

PHILLIPS, C. J., not participating.