Thomas BLACKMON, and Bobby Crawford, Voter Registrar, Appellants,

v.

John HARLAND, Appellee.

No. 12–82–0169–CV.

Court of Appeals of Texas, Tyler.

Aug. 4, 1983.

Rehearing Denied Aug. 31, 1983.

Melvin Wilcox, Robert Foster, Longview, for appellants.

John Fisher, Longview, for appellee.

McKAY, Justice.

This is an appeal from a judgment holding that Thomas Earl Blackmon (Blackmon) was not, at the time he became a candidate, nor at the time of his election to the Board of Trustees of Sabine Independent School District (ISD), a qualified elector or registered voter in accord with the requirements of Article 5.13a of the Texas Election Code, and that he was therefore ineligible to hold office as a member of the board. Blackmon was permanently·enjoined from further acting as a member of the Board of Sabine ISD.

John Harland (Harland) brought suit against Blackmon and Bobby Crawford, Voter Registrar for Gregg County (Crawford), alleging that he, Harland, pursuant to Article 5.13a of the Texas Election Code, had filed an affidavit and complaint with Crawford challenging the voter registration certificate of Blackmon, and requesting Crawford to hold a hearing and find that Blackmon was not a legally registered or qualified voter for the purpose of running for election, or at the time of his election, as a trustee of the Sabine ISD.

The parties, through their respective counsel, made and filed the following stipulations:

1. That on or about February 2, 1982, and at all times material to this cause, the Plaintiff, JOHN HARLAND, was a qualified voter pursuant to V.A.T.S. Election Code, art. 5.02 within the Sabine Independent School District.

2. That THOMAS EARL BLACKMON and his wife, JEAN K. BLACKMON, were not disqualified to vote under any of the provisions of V.A.T.S. Election Code, art. 5.01.

3. That at all times material hereto, Defendant, BOBBY CRAWFORD, was the elected and acting Tax Assessor-Collector of Gregg County, Texas.

4. That on April 2, 1982, three vacancies occurred on the Board of Trustees of the Sabine Independent School District (SISD) due to the expiration of the terms of the members holding those three positions.

5. Prior to April 3, 1982, the Sabine Independent School District called an election to fill the vacancies.

6. On April 3, 1982, an election was held for the filling of the three vacancies on the Board of Trustees of the Sabine Independent School District.

7. The members of the Sabine Independent School District acting in that capacity were KENNETH· ROBERTSON, CHESLEY WORLICK, RAGNA WOOD and ARTHUR QUINTERO.

8. On February 2, 1982, JEAN K. BLACKMON filled out and filed with BOBBY CRAWFORD, a voter registration application to become a registered voter in the Sabine Independent School District.

9. On February 2, 1982, immediately after filling out and filing her voter registration application, JEAN K. BLACK-

MON filled out and filed with BOBBY CRAWFORD a voter registration application as agent for THOMAS EARL BLACKMON.

10. On April 12, 1982, KENNETH ROBERTSON, CHESLEY WORLICK, RAGNA WOOD and ARTHUR QUINTERO, the acting members of the Board of Trustees of the Sabine Independent School District, at a regular meeting of such Board canvassed the votes cast in the election of April 3, 1982, declaring THOMAS EARL BLACKMON, LINDA WILLIAMS and EVA SCHULER, winners of such election over all candidates, issued the oath of office and prepared certificates of election for such persons.

11. On April 27, 1982, JOHN HARLAND, who was not a candidate for the School Board, but was a duly qualified voter within the meaning of V.A.T.S. Election Code, art. 5.17 [517a] and all other applicable statutes, filed a sworn complaint with BOBBY CRAWFORD, Gregg County Tax Assessor-Collector in full compliance with V.A.T.S. Election Code, art. 5.17 [517a], contesting the validity of Mr. Blackmon's voter registration certificate and asking for specific relief.

12. On April 27, 1982, JOHN HARLAND filed a "Notice to be Read Before Any Action by the Board" with the Board of Trustees of the Sabine Independent School District.

13. On or about the 28th day of April, 1982, BOBBY CRAWFORD notified Mr. BLACKMON and Mr. HARLAND of a hearing to be held in his office on May 7, 1982. On May 7, 1982, Defendant CRAWFORD conducted a hearing with respect to the voter registration of THOMAS EARL BLACKMON.

14. On May 7, 1982, Defendant BOBBY CRAWFORD, without taking testimony, announced that he found that THOMAS EARL BLACKMON, in his opinion, was a lawfully qualified voter and that although there may have been a technical violation of the registration statute, he felt Defendant BLACKMON had not intended to violate the law in any

way and he felt that he was qualified to be a voter and that registration had always occurred in Texas in the manner in which it occurred on February 2, 1982.

15. On May 19, 1982, Mr. JOHN HARLAND filed a 'notice and Request for Action' with the board of Trustees of the SISD.

16. On May 21, 1982, JOHN HARLAND, in accordance with V.A.T.S. Election Code, art. 5.17a, timely filed the present suit in the District Court of Gregg County, Texas. THOMAS EARL BLACKMON and BOBBY CRAWFORD were, in accordance with V.A.T.S. Election Code, art. 5.17a, duly served with process, notifying them of Mr. HARLAND'S appeal from the decision of the Registrar and Defendants made answer herein by and through their respective counsel of record.

17. Permission was granted by the Court for Plaintiff to file an amended petition and for Defendants to do so also anytime prior to the time the Court ruled on the decision by the Registrar finding Defendant BLACKMON to be a lawfully qualified and registered voter.

18. All exhibits attached hereto were submitted into evidence for consideration by the Court.

Blackmon and Crawford contend (1) that the suit was in fact an election contest which was not timely filed; (2) that the court exceeded its authority granted by Art. 5.17a, Election Code; (3) that the court erred in finding that a wife cannot simultaneously register herself and her spouse; (4) that a technical failure to comply with Art. 5.13a, subdivision 4, should not make a person ineligible to serve as a trustee; and (5) that the court erred in enjoining Blackmon from serving on the board because he was duly elected and qualified to be elected at the time he was so elected.

We disagree with the contention of Blackmon and Crawford that the suit is in fact an election contest. In our view it is neither an election contest nor a suit in quo warranto. This court has stated the rule to

be that where the real issue is the eligibility of a person to be a candidate for public office, rather than the validity of the election itself, the suit is not an election contest. *Sparks v. Busby,* 639 S.W.2d 713, 715 (Tex.App.—Tyler 1982, no writ).

Neither is this a suit in quo warranto because the State has not brought the suit to question the eligibility of Blackmon to be a trustee of Sabine ISD. Arts. 6253, 6257, Tex.Rev.Civ.Stat.Ann. (Vernon 1970).

There is a more serious question presented here which the parties have not addressed—did Harland have legal authority to bring this action without the joinder of the State as a party? Art. 5.17a, under which this suit was brought, does not speak to the question of the joinder of the State, but purports to give to any registered voter the right to challenge the registration of any other registered voter before the registrar of voters, and, if he gets an adverse ruling from the registrar to appeal to the district court. And Art. 1.07 of the Election Code provides that "the district court shall have authority to issue writs of injunction . . . at the suit of any interested party, or of any voter, to enforce the provisions" of Arts. 1.05 and 1.06, which relate to ineligibility to be elected or appointed to any public office in this State.

Blackmon was a candidate for the school board, was elected to a place on the board, and after the votes were canvassed and the result declared, he was sworn in as a board member. We hold that the State is an indispensable party to a suit for the removal of Blackmon from the Sabine ISD board of trustees. In *State of Texas ex rel. Dishman v. Gary,* 163 Tex. 565, 359 S.W.2d 456, 458 (1962), the court said:

> The remedy of ouster is one which 'belongs to the state, in its sovereign capacity, to protect the interests of the people as a whole and guard the public welfare by ousting incumbents of office who wrongfully hold to the injury of the public.' . . . In such proceeding the district attorney is a proper representative of the State and by virtue of his office has control of the prosecution of the cause.

Art. 5, § 21, Constitution of Texas; *Staples v. State ex rel. King,* 112 Tex. 61, 245 S.W. 639; *Reeves v. State ex rel. Mason,* 114 Tex. 296, 267 S.W. 666; *State ex rel. Hancock v. Ennis,* Tex.Civ.App., 195 S.W.2d 151, ref. n.r.e.

In *Sadler v. Newton,* 541 S.W.2d 194 (Tex.Civ.App.—Austin 1976, mandamus overruled), the court held that a defeated candidate was not authorized to bring suit against the successful candidate alleging his ineligibility for office but such suit must be brought by the State. There the court quoted at length from *Allen v. Fisher,* 118 Tex. 38, 9 S.W.2d 731 (1928):

> The petition therefore fails to show that the plaintiff has a legal right, distinct from the general public of which he is a member, which will be affected by the certification of Braly as the Democratic nominee for district attorney, or by the printing of his name, as such, on the official ballot at the general election in November. The plaintiff, as an individual, is not shown to have a justiciable interest in the matter. He therefore is not entitled to maintain this suit unless authorized to do so under the provisions of article 2929 of the statutes now to be noticed. A portion of that article provides in effect that the district court shall have authority to issue writs of injunction at the suit of 'any voter,' to restrain the placing of the name of an ineligible candidate upon the official ballot at any general or special election. Under the facts of this case, and though Braly be ineligible as alleged, the certification of his name as the Democratic nominee, and the placing of his name on the ballot at the general election, are matters of public concern exclusively. Such being the case, any suit in respect of those matters must be prosecuted by the state. *Staples v. State,* 112 Tex. 61, 245 S.W. 639. Whatever be the true import of the statutory provision just referred to, that provision cannot have effect to invest the plaintiff, simply because he is a voter, with the authority to maintain this suit. The Con-

stitution does not permit this to be done. (541 S.W.2d at 196)

The opinion in *Allen v. Fisher* further says that the county attorney, the district attorney or the attorney general shall represent the state, and that the State Constitution, Art. 5, § 21, and Art. 4, § 22, limits the legislative authority "from conferring such duty and responsibility on the individual citizen," and that the plaintiff, as a voter, has no authority to maintain the suit independently of a public official who is clothed with that authority.

See *Oser v. Cullen,* 435 S.W.2d 896, 900–901 (Tex.Civ.App.—Houston [1st Dist.] 1968, writ dism.).

The predecessor of Art. 1.07 was Art. 2929, and provisions of both statutes are the same. *Sadler v. Newton, supra.*

We hold that the trial court was without authority to enjoin Blackmon from serving on the school board because the State was not a party and Harland had no justiciable interest apart from that of the general public. Blackmon's point two is sustained.

■ However, the action of the trial court in holding Blackmon was not a registered voter was final. Art. 5.17a.

That part of the trial court's judgment which holds that Blackmon's voter registration is void is affirmed; otherwise the judgment of the trial court is reversed, and judgment is here rendered denying Harland's petition for injunction. All costs of this appeal are assessed against Harland.

COLLEY, Justice, concurring.

I concur in the result reached by the majority; however, the opinion does not address Crawford's point of error No. 2 under which he seeks review of the decision of the District Court voiding Blackmon's voter registration. Crawford's argument under such point, though persuasive, fails to recognize that the provisions of Subdivision 2 of art. 5.17a, Texas Election Code, renders that decision final and unappealable. I would therefore overrule Crawford's second point.

I am likewise persuaded that additional discussion of the rationale of the authorities bearing on the jurisdiction of the trial court to order the injunctive relief sought is also desirable.

The trial court's judgment found Blackmon ineligible to hold office as trustee and permanently enjoined him "... from further acting in the capacity of a board member on the board of trustees of the Sabine Independent School District...." The trial court had no jurisdiction to order such injunction. While art. 1.07 of the Texas Election Code provides that at the suit of "... any interested person, or of any voter ...." that district courts may enforce the provisions of arts. 1.05 and 1.06 of the Texas Election Code by injunction, such provisions are largely illusory. Art. 1.07 and its precursor art. 2929, V.A.T.S., have repeatedly been construed as not precluding the joinder of the County Attorney, District Attorney or the Attorney General in actions brought under its provisions so as to avoid striking down such article as contrary to the provisions of sec. 21 of art. 5 and sec. 22 of art. 4 of the Texas Constitution. E.g., *Allen v. Fisher,* 118 Tex. 38, 9 S.W.2d 731 (Tex.Comm'n App.1928, opinion adopted); *Williams v. Castleman,* 112 Tex. 193, 247 S.W. 263 (1922); *Oser v. Cullen,* 435 S.W.2d 896 (Tex.Civ.App.—Houston [1st Dist.] 1968, writ dism'd); *Sadler v. Newton,* 541 S.W.2d 194 (Tex.Civ.App.—Austin 1976, writ mandamus overruled). The rationale of these cases is that since the quoted sections of the Constitution require the named officers to represent the State in "... all cases in the district and inferior courts ..." and that since art. 1.07 and former art. 2929, V.A.T.S., have been construed as not excluding the participation of State's counsel with a private citizen in such cases, then as so construed, the article is constitutional. So construed, art. 1.07 does not authorize such an injunction as was ordered in this case. This suit was in effect an attempt to remove Blackmon from his trustee's office to which he had been elected, and for which he had qualified by taking his oath of office. It is also undisputed that after he was sworn in as trustee he assumed the duties

of the office. He was and is a de facto trustee. *Whitmarsh v. Buckley,* 324 S.W.2d 298 (Tex.Civ.App.—Houston 1959, no writ). Harland's admitted interest or legal right in the election at which Blackmon was elected was not distinctive from the interest of the general public, i.e., the State, in the election of Blackmon. Thus Harland had no standing or justiciable interest in Blackmon's election and the court therefore had no jurisdiction to order the injunction. A quo warranto proceeding is the exclusive remedy available for this action. *State v. Gary,* 163 Tex. 565, 359 S.W.2d 456 (1962); *Williams v. Castleman, supra;* see also *Kunschik v. Nichols,* 135 Tex. 1, 137 S.W.2d 1000 (Tex.Comm'n App.1940, opinion adopted); *Whitmarsh v. Buckley, supra.*