# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00168-CV

### In re Amber Dankert and Theresa Howard

### ORIGINAL PROCEEDING FROM BELL COUNTY

## M E M O R A N D U M   O P I N I O N

Relators Amber Dankert and Theresa Howard have filed a petition for writ of mandamus complaining of a decision by respondent Manuel De La Rosa, Village Administrator, Village of Salado, Texas, not to strike from the ballot the name of a candidate for alderman despite allegedly fatal defects in the candidate's application for a place on the ballot. Together with their petition, which seeks a writ directing De La Rosa to strike the candidate's name from the ballot, relators have filed a motion for emergency relief, requesting "emergency consideration" of their petition in light of the looming election. Having reviewed the petition and the record provided, we dismiss the petition for want of jurisdiction and dismiss the motion as moot. *See* Tex. R. App. P. 52.8(a).

Standing implicates our subject-matter jurisdiction, and thus our power to decide the merits of this dispute. *In re Osborn*, No. 03-13-00314-CV, 2013 WL 2157712, at *1 (Tex. App.—Austin May 15, 2013, no pet.) (*citing Texas Ass'n of Bus. v. Texas Air Control Bd.*,

852 S.W.2d 440, 445 (Tex.1993)). Generally, challenges to the eligibility of candidates "are matters of public concern" and must be prosecuted by the state. *Id.* (citing *Allen v. Fisher*, 9 S.W.2d 731, 732 (Tex.1928)). Consequently, a voter having no special interest cannot bring suit seeking the removal of an ineligible candidate. *Id.* (citing *Allen*, 9 S.W.2d at 732). Here, relators in their petition give no indication of any interest distinct from that of the general public such as would confer standing.

Relators bear the burden of demonstrating their entitlement to mandamus relief. *See In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex.2005) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex.1992) (orig. proceeding). Because relators here have failed to assert or demonstrate facts establishing their standing to bring this action, we conclude that they have not demonstrated this Court's jurisdiction to provide the relief sought, and we accordingly dismiss the petition for want of jurisdiction, and dismiss the motion as moot.

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Filed: March 14, 2024