

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

July 18, 2007

The Honorable Carlos Valdez
105th Judicial District Attorney
Nueces County Courthouse
901 Leopard, Room 206
Corpus Christi, Texas 78401-3681

Opinion No. GA-0555

Re: Residency requirements for election to
Del Mar College District Board of Regents
(RQ-0562-GA)

Dear Mr. Valdez:

You inquire about the residency requirements applicable to candidates for election to the governing body of the Del Mar College District (the "District").[1] Del Mar College is a two-year institution of higher education governed by a board of regents elected by the voters of the District. Request Letter, *supra* note 1, at 1.

You state that the District has historically relied on Election Code section 141.001 as governing the residency requirement for candidates for election to the District's Board of Regents. *See id.* Election Code section 141.001(a)(5)(B) provides as follows:

> (a) To be eligible to be a candidate for, or elected or appointed to, a public elective office in this state, a person must:
>
> . . . .
>
> (5) have resided continuously in the state for 12 months and in the territory from which the office is elected for six months immediately preceding the following date:
>
> . . . .
>
> (B) for an independent candidate, the date of the regular filing deadline for a candidate's application for a place on the ballot . . . .

___

[1]Letter from Honorable Carlos Valdez, Nueces County District Attorney, 105th Judicial District, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Jan. 12, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

TEX. ELEC. CODE ANN. § 141.001(a) (Vernon 2003).[2] Section 141.001(a)(5)(B) requires a candidate for regent of the District to reside in the territory from which the office is elected for at least six months before the filing deadline.[3]

You point out, however, that Election Code section 141.001(b) provides that "[a] statute outside this code supersedes Subsection (a) to the extent of any conflict," and section 141.001(c) provides that "[s]ubsection (a) does not apply to an office for which the federal or state constitution or a statute outside this code prescribes exclusive eligibility requirements." TEX. ELEC. CODE ANN. § 141.001(b)–(c) (Vernon 2003); Request Letter, *supra* note 1, at 2; *see also* TEX. EDUC. CODE ANN. § 130.082(f) (Vernon 2002) (elections for members of the junior college board "shall be held in accordance with the Texas Election Code except as hereinafter provided"). Education Code section 130.082, which governs the election of Del Mar College regents, includes language that you believe may conflict with the six-month residency requirement in Election Code section 141.001(a)(5)(B). *See* TEX. EDUC. CODE ANN. § 130.082(a) (Vernon 2002) (governing boards of junior colleges shall be chosen pursuant to section 130.082, subject to certain exceptions); Request Letter, *supra* note 1, at 2. Section 130.082(d) provides that "[e]ach member of the board shall be a *resident, qualified voter* of the district." TEX. EDUC. CODE ANN. § 130.082(d) (Vernon 2002) (emphasis added). Section 130.082(g) provides that "[a]ny *resident, qualified elector* of the district may have his or her name placed as a candidate on the official ballot for any position to be filled at each regular election" by applying to the secretary of the board. *Id.* § 130.082(g) (emphasis added). *See Oser v. Cullen*, 435 S.W.2d 896, 898–99 (Tex. Civ. App—Houston [1st Dist.] 1968, writ dism'd) (a "qualified elector" or "qualified voter" holds a voter registration certificate); BLACK'S LAW DICTIONARY 1254 (7th ed. 1999) (a qualified elector is a legal voter, who meets the requirements for voter registration and has the present right to vote in an election).

Section 130.082(g) does not include a six-month residency requirement, and you suggest that it dispenses with this requirement "in direct contradiction of Section 141.001 of the Election Code." Request Letter, *supra* note 1, at 2. You suggest that the Education Code provision referring to "residency" controls over the Election Code section 141.001(a)(5)(B) six-month residency requirement. *See id.* Under your interpretation, a registered voter could be a candidate for the District Board of Regents upon establishing residency in the district or the applicable trustee district. *See* TEX. ELEC. CODE ANN. § 1.015 (Vernon 2003) (defining "residence").

*Brown v. Patterson*, which addresses two statutes very similar to the Election Code and Education Code provisions at issue here, provides the answer to your question. *See Brown v. Patterson*, 609 S.W.2d 287, 288–89 (Tex. Civ. App.—Dallas 1980, no writ). In that case, an

---

[2]The term "independent candidate" includes a candidate in a nonpartisan election. *See* TEX. ELEC. CODE ANN. § 1.005(9) (Vernon 2003).

[3]The Del Mar College Board of Regents includes at-large members and members elected from a defined area within the District's boundaries. *See* DEL MAR COLLEGE, BOARD OF REGENTS, *available at* http://www.delmar.edu/bdadmin.html (last visited July 16, 2007); *see also* TEX. EDUC. CODE ANN. § 130.0822 (Vernon 2002) (junior college board may order that all or a majority of board members be elected from single-member trustee districts). Thus, some regents are elected from single-member districts and others from the entire junior college district.

individual was appointed to a vacancy in the Dallas Independent School District's board of trustees, and the appointment was contested on the ground that the appointee did not fulfill the statutory residency requirements. *See id.* at 288. The Election Code included the requirement now found in Election Code section 141.001(a)(5), requiring an appointee or candidate to have resided in the state for twelve months and in the district, precinct, or other political subdivision for which he was elected for six months before being appointed to or filing for an office. *See id.* (quoting Act of May 19, 1967, 60th Leg., R.S., ch. 723, § 4, 1967 Tex. Gen. Laws 1858, 1861 (formerly article 1.05 of the 1951 Election Code) (recodified in 1985) (current version at TEX. ELEC. CODE ANN. § 141.001(a) (Vernon 2003)). Another statute divided the Dallas Independent School District into nine single-member trustee districts and provided that "residence within the Trustee District from which a person seeks to be a candidate at the time of filing for office shall be a prerequisite to filing." *Id.* at 289 (quoting TEX. EDUC. AUX. LAWS art. 2783d (Vernon 2006) [Act of May 14, 1973, 63d Leg., R.S., ch. 211, § 1, 1973 Tex. Gen. Laws 485, 486]).

The appointed trustee, who had not resided within his trustee district for the six months immediately preceding his appointment, argued that the Education Code provision prevailed over the general residency requirements in the Election Code. *See id.* at 288–89. The court disagreed and resolved the alleged conflict between the Election Code and Education Code residency provisions by examining the policy underlying the provisions. *See id.* at 289. It said that the general residency requirements for election to office, first adopted in 1895, represented the longstanding and fixed public policy of the state—that a candidate for public office must have resided in the particular district or precinct from which he is elected for at least six months. *See id.* at 290 (citing Act approved April 20, 1895, 24th Leg., R.S., ch. 56, 1895 Tex. Gen. Laws 81, 81–82). The court noted that the residency requirement would "provide better representation by assuring that voters will be better acquainted with the qualifications and views of the candidates and that candidates will be better acquainted with and responsive to the needs and desires of the voters." *Id.* It found no indication that the Legislature intended the Education Code to exempt school trustees from residing for six months in the trustee district. *See id.* at 291. "Such a departure from the long-established policy and political tradition of the state should not be attributed to the legislature in the absence of express and mandatory language." *Id.* Because the Education Code did not expressly exempt school trustees from residing for six months in the trustee districts from which they were elected, they were subject to the Election Code residency requirements. *See id.* at 291.

We conclude on the basis of *Brown* that Election Code section 141.001(a)(5)(B) and Education Code section 130.082(g) can be read together. *See id.* ("[W]e can give full effect to both statutes and their underlying policies by holding that there is no conflict . . . ."). A candidate for the District's Board of Regents must be a "resident, qualified elector" under Education Code section 130.082(g) and must satisfy Election Code section 141.001(a)(5)'s six-month residency requirement. TEX. EDUC. CODE ANN. § 130.082(g) (Vernon 2002); *see* TEX. ELEC. CODE ANN. § 141.001(b) (Vernon 2003) (six-month residency requirement superseded only "to the extent of any conflict"). Moreover, on the basis of *Brown*'s holding, we conclude that Education Code section 130.082(g)'s permitting any resident, qualified voter to become a candidate by applying to the secretary of the board does not prescribe "exclusive eligibility requirements." *See* TEX. ELEC. CODE ANN. § 141.001(c) (Vernon 2003) (making the six-month residency requirement inapplicable if another

statute prescribes exclusive eligibility requirements); *Brown*, 609 S.W.2d at 291 (requiring "express and mandatory language" to depart from the long-established policy of a six-month residency requirement).  Accordingly, a candidate for election to the Del Mar College District Board of Regents must comply with the six-month residency requirement set out in Election Code section 141.001(a)(5)(B).

## S U M M A R Y

A candidate for election to the Del Mar College District Board of Regents must comply with the six-month residency requirement in Election Code section 141.001(a)(5)(B). Education Code section 130.082(g) does not exempt candidates from the Election Code requirement.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee