ACCEPTED
15-25-00207-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
11/14/2025 4:30 PM
CHRISTOPHER A. PRINE
CLERK

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
11/14/2025 4:30:06 PM
CHRISTOPHER A. PRINE
Clerk

**Cause No. _____**

IN THE

# Court of Appeals for the 15ᵗʰ District of Texas

———————◆———————

IN RE NOVARTIS PHARMACEUTICALS CORPORATION,
*Relator.*

_____

ORIGINAL PROCEEDING FROM THE 71ˢᵀ DISTRICT COURT,
IN HARRISON COUNTY, TEXAS • CAUSE NO. 23-0276,
THE HONORABLE BRAD MORIN PRESIDING

## RELATOR'S MOTION FOR TEMPORARY STAY

DANNY S. ASHBY
(Texas Bar No. 01370960)
**O'MELVENY & MYERS LLP**
2801 N. Harwood Street, Suite 1600
Dallas, Texas 75201
Telephone: +1 972.360.1900

DERON R. DACUS
(Texas Bar No. 00790553)
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone: +1 903.705.1117

ANTON METLITSKY
ROSS B. GALIN
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas,
  Suite 1700
New York, New York 10019
Telephone: +1 212.326.2000
(Applications for *pro hac vice*
admission pending)

*Counsel for Relator Novartis Pharmaceuticals Corporation*

CP COUNSEL PRESS    (800) 4-APPEAL • (814349)

Pursuant to Texas Rule of Appellate Procedure 52.10, Relator Novartis Pharmaceuticals Corporation ("Novartis") respectfully requests that the Court temporarily stay all proceedings in the district court during the pendency of its Petition for Writ of Mandamus, filed concurrently herewith. As shown by the certificate of compliance below, Novartis notified Real Parties in Interest, Health Selection Group, LLC ("HSG") and the State of Texas, via e-mail that it would be filing a motion for a temporary stay and, simultaneously with this filing, notified Respondent, the Honorable Brad Morin, 71st District Court, Harrison County, via electronic filing in the underlying proceedings, that a stay motion had been filed. *See* Tex. R. App. P. 52.10(a).

## INTRODUCTION

Novartis has filed a Petition for Writ of Mandamus ("Petition"), concurrently with this Motion, requesting that the Court review and correct the district court's erroneous denial of Novartis's Plea to the Jurisdiction and Motion to Dismiss under Texas Rule of Civil Procedure 91a. The Petition advances two principal arguments, either of which would result in full dismissal of the case, for lack of subject-matter jurisdiction or a legally valid cause of action, if sustained. As the Supreme Court and other Texas courts have held, mandamus relief is warranted in such cases in order to spare the parties and public from wasting time and resources litigating fatally flawed proceedings. It is also necessary when, as here, HSG's continued

1

prosecution of a *qui tam* action, for and in the name of the State of Texas, intrudes upon the Executive department's jurisdiction in violation of the Separation of Powers Clause in Article II, Section 1 of the Texas Constitution. Because the benefits of mandamus review would be lost if litigation were permitted to proceed during the pendency of this original proceeding, a temporary stay of the district court proceedings to maintain the *status quo* and preserve this Court's jurisdiction pending review and resolution of the Petition is warranted.

The specific procedural context here confirms the point. Novartis first filed a mandamus petition raising these issues in the Sixth District, and after that Court denied the petition, Novartis sought mandamus in the Supreme Court. The Supreme Court *granted* Novartis's request for a stay, requested merits briefing, and deliberated on the questions presented for ten months after merits briefing was completed. The Supreme Court ultimately denied the petition, but Justices Young and Sullivan wrote separately to (i) explain Novartis's petition presented "weighty" and "important" constitutional questions, (ii) specifically criticize the Sixth District for failing to consider those questions seriously, (iii) note that the Supreme Court's denial of mandamus was understandable because after Novartis filed its petition, this Court was created to consider questions just like those presented here, (iv) explain that Novartis could file a mandamus petition in this Court because this Court has exclusive jurisdiction to consider the questions presented here under its own

2

precedent, and (v) implore this Court to analyze the questions presented in a written opinion in order to aid the Supreme Court in its ultimate determination of those issues. *See In re Novartis Pharmaceuticals Corp.*, __ S.W.3d __, 2025 WL 2989490, at *3-4 (Tex. 2025) (statement of Young and Sullivan, J.J.).

The fact that the Supreme Court believed a stay was warranted to consider the very questions presented here in the very same posture overwhelmingly suggests that a stay from this Court is likewise warranted. And the fact that two Justices of the Supreme Court confirmed the importance of the issues presented here and implored this Court in particular to consider them in a written opinion bolsters the point even further.

Novartis thus respectfully requests that its request for a temporary stay be granted.

## ARGUMENT

The Court should temporarily stay proceedings in the district court to preserve the *status quo* and the Court's jurisdiction to review the merits of the Petition. *In re Kelleher*, 999 S.W.2d 51, 52 (Tex. App.—Amarillo 1999, orig. proceeding) ("Simply put, Rule 52.10 exists to afford the court opportunity to address the dispute encompassed within a petition for mandamus . . . by maintaining the status quo until it can address that dispute."). Texas Rule of Appellate Procedure 52.10(b) provides that the "court—on motion of any party or on its own initiative—

3

may without notice grant any just relief pending the court's action on the petition." Tex. R. App. P. 52.10(b).

Granting Novartis's request for a stay, moreover, would be consistent with the prior ruling of the Supreme Court of Texas, which granted Novartis's request for a temporary stay of trial proceedings on August 30, 2024 while the Supreme Court considered Novartis's request for mandamus relief.[1] The order denying the petition was accompanied by a lengthy statement respecting the denial by Justices Young and Sullivan, the upshot of which was that Novartis's petition presents "weighty" and "important" issues, *In re Novartis Pharmaceuticals Corp.*, __ S.W.3d __, 2025 WL 2989490, at *1, *3, (Tex. 2025) (statement of Young and Sullivan, J.J.), but because this Court has exclusive intermediate appellate jurisdiction over TMFPA appeals like this one, *see In re Sanofi-Aventis U.S. LLC*, 711 S.W.3d 732 (Tex. App. 2025), this Court should hear Novartis's mandamus petition in the first instance. *See In re Novartis, supra*, at *1 ("This case presents weighty issues worthy of our full attention," but the "decision to deny the petition is understandable given that there is a new statewide appellate court that has already held that it has jurisdiction over disputes like this one").

---

[1] That stay was lifted on October 24, 2025 when the Supreme Court denied Novartis's petition. The full procedural history of this case is detailed in Novartis's concurrently-filed Petition for Mandamus at 9-16.

In particular, Justices Young and Sullivan stated that the Supreme Court "would surely benefit from thoughtful consideration of these difficult questions by the lower courts." *Id.* at *2. "Fortunately," the statement went on to explain, "the legislature recently created the Fifteenth Court of Appeals," which "came into existence about five months after Novartis filed its mandamus petition in [the Supreme Court]," and which "has held that it has jurisdiction over mandamus petitions like this one." *Id.* at *3 (citing In re Sanofi-Aventis). Justices Young and Sullivan went on to note that the "Fifteenth Court would greatly assist [the Supreme Court] by presenting its analysis [of Novartis's constitutional challenges] in a written opinion. After the Fifteenth Court has weighed in, [the Supreme Court] will be better positioned to provide an accurate and definitive determination of the Act's constitutionality." *Id.* at *4.

Particularly in light of these Justices' request that this Court consider the issues presented in Novartis's mandamus petition, a temporary stay during the pendency of this mandamus proceeding is warranted for at least the following three reasons. *First,* the Petition involves two "weighty" and "important" (*id.* at *1, *3) issues of law and a negative answer to either would require a complete dismissal of the action: (1) whether the district court has subject-matter jurisdiction over a statutory cause of action brought by a plaintiff that suffered no harm from the alleged violations and (2) whether a private plaintiff can bring a *qui tam* action, for and in

5

the name of the State, when the Texas Constitution exclusively confers the power to represent the State on the State attorneys identified in Article IV, Section 22 and Article V, Section 21.

Although the likelihood of dismissal is not a requirement for a stay,[2] the fact that Novartis's arguments for dismissal are grounded on the Supreme Court's long-standing precedent supports entry of a stay pending resolution of the Petition. The Supreme Court has held that Texas standing doctrine—and thus Texas courts' subject-matter jurisdiction—requires that the plaintiff "be *personally* injured" in order to seek judicial relief. *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 155 (Tex. 2012). That is, the plaintiff "must plead facts demonstrating that he, himself (rather than a third party or the public at large), suffered the injury" because "our Constitution opens the courthouse doors only to those who have or are suffering an injury." *Id*. And here, it is undisputed that plaintiff HSG did not suffer any injury from the conduct alleged in the First Amended Petition. In addition, the Supreme Court has long held that a private party cannot represent the State's (or public's) interest in court because Article IV, Section 22 and Article V, Section 21 of the Texas Constitution exclusively confer that power on the State attorneys (the

---

[2] Texas appellate courts have stayed proceedings even when mandamus relief was ultimately denied. *See, e.g., In re State ex rel. Tharp*, No. 03-16-00827-CV, 2017 WL 562702, at *1 (Tex. App.—Austin Feb. 10, 2017, orig. proceeding) ("[W]e deny the petition for writ of mandamus and lift the stay of the underlying proceedings."); *In re Bonifay*, No. 03-16-00316-CV, 2016 WL 4980131, at *1 (Tex. App.—Austin Sept. 14, 2016, orig. proceeding) (same).

6

Attorney General and the District and County Attorneys) elected by the people of Texas. *See Staples v. State ex rel. King*, 245 S.W. 639, 642 (Tex. 1922); *Allen v. Fisher*, 9 S.W.2d 731, 732 (Tex. 1928); *Hill Cty. v. Sheppard,* 178 S.W.2d 261, 264 (Tex. 1944). Because "th[o]se constitutional provisions mark the limits of legislative authority to prescribe who shall represent the state and control its interests in a lawsuit in the district court," *Allen*, 9 S.W.2d at 732, HSG's *qui tam* action is legally invalid under the Texas Constitution and should be dismissed in its entirety. There is thus no reason to require the parties to proceed with the district court litigation when a ruling in Novartis's favor on either question would result in a dismissal of all claims.

*Second*, if the district court proceedings are not stayed pending resolution of the Petition, the parties and several state and federal government agencies will be forced to continue to engage in burdensome, expensive, and time-consuming discovery. At the time that the Supreme Court granted Novartis's stay motion the parties were approaching significant discovery deadlines, including deadlines for substantial completion of document production and commencing up to 85 hours of depositions per side. *See* Exhibit A, Docket Control Order; Exhibit B, Discovery Order.

In addition, the parties will need to pursue extensive third-party discovery. Novartis served document subpoenas on the Texas Health and Human Services

7

Commission and its Office of Inspector General on February 14, 2024 and February 20, 2024, respectively. Texas Health and Human Services Commission and its Office of Inspector General served their Objections and Responses to Novartis's document subpoenas on March 18, 2023, and document production discussions between the parties are ongoing. Novartis has also raised a federal preemption defense based on the federal government's determination that the challenged business practices are lawful and beneficial to the federal healthcare program that requires discovery from the federal government. And the parties either have or will need to issue subpoenas to prescribers, patients, vendors, and nurses who were implicated by or involved with the challenged business practices alleged in the First Amended Petition; the First Amended Petition itself names six vendors and twelve individual witnesses.

If the district court proceedings are permitted to continue unabated, the parties will have to restart this costly and burdensome discovery. The volume of that discovery will likely be substantial, expensive, and generate discovery disputes that will involve motion practice and use of judicial resources. This Court should thus grant a temporary stay—just as the Supreme Court did—to maintain the *status quo* and ensure that the parties, the district court, various state and federal government agencies and numerous other third parties do not waste their time, money, and resources addressing discovery issues for a case that should be dismissed. *See In re*

*Grossman*, No. 03-19-00001-CV, 2019 WL 102284, at *1 (Tex. App.—Austin Jan. 3, 2019, orig. proceeding) (granting stay "[t]o preserve the status quo while the Court considers whether the petition for writ of injunction is necessary"); *In re Collier*, No. 07-12-00336-CV, 2012 WL 3114597, at *1 (Tex. App.—Amarillo Aug. 1, 2012, orig. proceeding) (similar); *Oryx Capital Int'l, Inc. v. Sage Apts.*, *LLC*, 167 S.W.3d 432, 437 (Tex. App.—San Antonio 2005, no pet.) (defendant "should not be required to submit to the expense and inconvenience of discovery pending the resolution of this appeal").

*Third*, the issues presented in the Petition are fundamental to preserving the separation-of-powers under the Texas Constitution and thus warrant a stay for this additional reason. To allow the parties and the district court to proceed with the litigation of claims by a private party that are constitutionally committed to the Executive department contravenes the Texas Constitution's Separation of Powers Clause in at least two respects. *See* Tex. Const. art. II, § 1. First, as the Supreme Court has recognized, Texas's constitutional standing requirement that the plaintiff demonstrate a personal injury prevents district courts "from issuing advisory opinions, because doing so invades the function of the executive." *Data Foundry, Inc. v. City of Austin*, 620 S.W.3d 692, 700 (Tex. 2021); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993) ("An opinion issued in a case brought by a party without standing is advisory because rather than remedying an

9

actual or imminent harm, the judgment addresses only a hypothetical injury."). Because HSG does not satisfy the personal-injury requirement, any further action in the district court necessarily intrudes upon the jurisdiction of the Executive department in contravention of Article II, Section 1. Second, HSG's continued prosecution of the State's claims in place of the Attorney General contravenes the Texas Constitution's assignment of that power to the Attorney General in the Executive department. The people of Texas have twice decided who shall act as the State's representative in court. They did so first by ratifying a Texas Constitution that assigns that power to a specific government official and grants *them*—the people of Texas—the right to select that government official. *See* Tex. Const. art. IV, §22. And then they exercised that constitutional right in the November 2022 election to select the Attorney General who they believed would best represent the State's (and by extension, their) interests in court. To allow a private agent chosen by the Legislature to engage in a prosecutorial function that the Texas Constitution assigns to the duly-elected Attorney General violates the Separation of Powers Clause. Accordingly, a stay should be entered to maintain the *status quo* pending this Court's resolution of these fundamental issues of Judicial, Legislative, and Executive jurisdiction under our Constitution.

Again, two Justices of the Supreme Court have expressly highlighted the importance of the issues presented here and asked this Court, as the Court with

exclusive intermediate appellate jurisdiction to consider them, to take these issues seriously enough to dispose of them in a written opinion. The Court should grant a stay to enable it to consider those questions without undermining the status quo and its own jurisdiction, and to avoid wasting judicial, government, and party resources while it does so.

## PRAYER

Novartis respectfully requests that the Court order a temporary stay of the district court proceedings to maintain the *status quo* and preserve the Court's jurisdiction to address the merits of Novartis's Petition for Writ of Mandamus.

Dated:  November 14, 2025

Respectfully submitted,

O'MELVENY & MYERS LLP

*/s/ Danny S. Ashby*

Danny S. Ashby
Texas Bar No. 01370960
dashby@omm.com
mwhisler@omm.com
2801 North Harwood Street, Suite 1600
Dallas, Texas  75201
Telephone:  +1 972 360 1900
Facsimile:  +1 972 360 1901

Anton Metlitsky
ametlitsky@omm.com
Ross Galin
rgalin@omm.com
1301 Avenue of the Americas, Suite 1700
New York, NY 10019
Telephone: +1 212 326 2000
(Application for *pro hac vice* admission
forthcoming)

THE DACUS FIRM, P.C.

Deron R. Dacus
Texas Bar No. 00790553
ddacus@dacusfirm.com
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone: +1 903 705 1117

*Counsel for Relator*
*Novartis Pharmaceuticals Corporation*

## CERTIFICATE OF COMPLIANCE

As required by Texas Rule of Appellate Procedure 52.10(a), I certify that, on November 14, 2025, I notified Real Parties in Interest, Health Selection Group, LLC and the State of Texas, via expedited means (i.e., by email) that this motion for temporary relief would be filed. I also certify that Respondent, the Honorable Brad Morin, was notified simultaneously with this filing by electronically filing a copy of this motion in the underlying proceedings.

/s/ Danny S. Ashby
Danny S. Ashby

## CERTIFICATE OF CONFERENCE

As required by Texas Rule of Appellate Procedure 10.1(a)(5), I certify that I have conferred, or made a reasonable attempt to confer, with all other parties about the merits of this motion. Health Selection Group, LLC and the State of Texas oppose the motion.

/s/ Danny S. Ashby
Danny S. Ashby

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing Motion has been forwarded this 14th day of November, 2025, to the following attorneys of record via electronic service:

Samuel F. Baxter
Jennifer L. Truelove
MCKOOL SMITH P.C.
104 East Houston, Suite 300
Marshall, Texas 75670
sbaxter@mckoolsmith.com
jtruelove@mckoolsmith.com

Eric B. Halper
Radu A. Lelutiu
MCKOOL SMITH P.C.
One Manhattan West
395 9th Avenue, 50th Floor
New York, New York 10001
ehalper@mckoolsmith.com
rlelutiu@mckoolsmith.com

W. Mark Lanier
Alex J. Brown
Zeke DeRose III
Jonathan Wilkerson
THE LANIER FIRM
10940 W. Sam Houston Pkwy N., Suite 100
Houston, Texas 77064
WML@LanierLawFirm.com
Alex.Brown@LanierLawFirm.com
Zeke.DeRose@LanierLawFirm.com
Jonathan.Wilkerson@LanierLawFirm.com

*Counsel for Health Selection Group, LLC*

Jordan Underhill
Jonathan D. Bonilla
Lynne Kurtz-Citrin
Office of the Attorney General
Civil Medicaid Fraud Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
Jordan.Underhill@oag.texas.gov
Jonathan.Bonilla@oag.texas.gov
Lynne.Kurtz-Citrin@oag.texas.gov

*Counsel for the State of Texas*

/s/ Danny S. Ashby
Danny S. Ashby

**EXHIBIT A**

Filed 11/6/2023 11:49 AM
Sherry Griffis
District Clerk
Harrison County, Texas

Lori Hightower

Deputy

**CAUSE NO. 23-0276**

| | |
|---|---|
| THE STATE OF TEXAS *ex rel.* HEALTH SELECTION GROUP, LLC, | IN THE DISTRICT COURT |
| Plaintiff, | 71ST JUDICIAL DISTRICT |
| v. | HARRISON COUNTY, TEXAS |
| NOVARTIS PHARMACEUTICALS CORPORATION, | |
| Defendant. | |

## DOCKET CONTROL ORDER

Pursuant to the Texas Rules of Civil Procedure 190.4, the Court makes the following Order and sets the following dates. The trial in this matter will be held on April 21, 2025. Further, the below Docket Control Order will not be shortened without leave of Court.

It is hereby **ORDERED** that the following schedule of deadlines is in effect until further order of this Court:

| | |
|---|---|
| **April 21, 2025 (pending Court's calendar)** | **JURY TRIAL before Judge Brad Morin, Marshall, Texas.** |
| **April 21, 2025** | **JURY SELECTION 8:30 am** |
| **April__, 2025** | **PRETRIAL HEARING**<br><br>**Parties submit charge in Word format, noting provisions of the Pattern Jury Charges that apply to each instruction and question, if any.**<br><br>Furnish two hard copies of active trial pleadings, exhibits lists, witness lists, motions in *limine*, and proposed orders on the motions in *limine*. |
| **March 21, 2025** | **File and serve on other party Proposed Jury Charge, including questions, definitions, and instructions (including citations to the Texas Pattern Jury Charge and other authority).** |
| **March 14, 2025** | **Parties meet and confer to resolve objections to deposition** |

4817-0758-0628

Copy from re:SearchTX

| | |
|---|---|
| | designations and exhibits, disputed motions in limine. |
| **March 7, 2025** | Exchange objections to exhibit lists.<br><br>Submit written statement of page and line references to cross-designations on which evidentiary rulings are sought. |
| **February 28, 2025** | File Responses to Motions *in Limine*<br><br>Exchange cross-designations of deposition designations and written statement of all page and line references to designations on which evidentiary rulings are sought. |
| **February 14, 2025** | File Motions *in Limine*<br><br>Exchange Pretrial Disclosures: Witness Lists (fact and expert witnesses) (including rebuttal witnesses), Deposition Designations, and Exhibit Lists |
| **February 14, 2025** | File Replies to Dispositive Motions<br><br>File Replies to *Robinson* motions |
| **January 31, 2025** | File Responses to Dispositive Motions<br><br>File Responses to *Robinson* motions |
| **January 17, 2025** | File Dispositive Motions<br><br>File *Robinson* motions |
| **December 6, 2024** | Deadline to Complete Expert Discovery. |
| **November 8, 2024** | Parties Designate Rebuttal Expert Witnesses, Rebuttal Expert Witness Reports Due.<br><br>(Deadline for party without the burden of proof on an issue shall disclose all the materials and information required under Tex. R. Civ. P. 194.2(f) and serve a report fully disclosing the substance of and basis for the expert's opinions, *see* Tex. R. Civ. P. 195.5.)<br><br>If, without agreement, a party serves a supplemental expert report after the rebuttal expert report deadline has passed, the serving party must file notice with the Court stating service has occurred and the reason why a supplemental report is necessary under the circumstances. |
| **October 4, 2024** | Parties with Burden of Proof Designate  Expert  Witnesses. Expert Witness Reports Due. |

4817-0758-0628

Copy from re:SearchTX

| | (Disclose all material and information required under Tex. R. Civ. P. 194.2(f) and serve a report fully disclosing the substance of and basis for the expert's opinions, *see* Tex. R. Civ. P. 195.5.) |
|---|---|
| **September 20, 2024** | **Deadline to Complete Fact Discovery.** |
| **May 17, 2024** | **Deadline for Substantial Completion of Documents.**<br><br>**Deadline to Exchange Privilege Logs.**<br><br>Counsel are expected to make good faith efforts to produce all required documents as soon as they are available and not wait until the substantial completion deadline. |
| **April 26, 2024** | **Deadline for Novartis to disclose whether it will rely on advice of counsel defense.** |
| **10 days** | **EXPECTED LENGTH OF TRIAL** |

IT IS SO ORDERED.


**SIGNED this** 6 **day of** Nov **, 2023**

_____
HON. BRAD MORIN, JUDGE PRESIDING

4817-0758-0628

Copy from re:SearchTX

**EXHIBIT B**

Filed 2/1/2024 5:00 PM
Sherry Griffis
District Clerk
Harrison County, Texas
Lori Hightower

Deputy

**CAUSE NO. 23-0276**

<table>
<tr><td>

THE STATE OF TEXAS,

*ex rel.*

HEALTH SELECTION GROUP, LLC,

     Plaintiff-Relator,

v.

NOVARTIS PHARMACEUTICALS CORPORATION,

     Defendant.

</td><td>

IN THE DISTRICT COURT

71ST JUDICIAL DISTRICT

HARRISON COUNTY, TEXAS

</td></tr>
</table>

## DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the court's docket and Rules 166 and 190-205 of the Texas Rules of Civil Procedure and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Protective Orders.** The parties agree a HIPAA-Qualified Protective Order is required for this case and have submitted said order to the Court for approval.

2. **Discovery Limitations.** Discovery is limited to the following:

    (a) Requests for Disclosure Pursuant to Texas Rule of Civil Procedure 194.

    (b) **Requests for Production.** Any party may serve on any other party written requests for production.

    (c) **Interrogatories.** Any party may serve on any other party no more than twenty-five (25) written interrogatories, excluding interrogatories asking a party only to identify or authenticate a specific document. Each discrete subpart of an interrogatory is considered a separate interrogatory.

    (d) **Requests for Admission.** Any party may serve on any other party no more

Copy from re:SearchTX

than forty (40) written requests for admission. Each discrete subpart of a request for admission is considered a separate request for admission.

(e) **Depositions.** Each party shall be allowed up to 85 hours of fact discovery deposition time. These hour limits shall include the depositions of fact witnesses, organization witnesses (corporate representatives), nonparty witnesses, and government witnesses, but does not include expert deposition time. The time limits of Rule 199.5(c) will control the length of Depositions. The parties shall act reasonably and in good faith to schedule depositions expeditiously, while accommodating the schedules and locations of counsel and witnesses.

(f) **Nonparty Discovery (Excluding Government Entities).** [1] The parties may issue document subpoenas to nonparties (not including government entities). The time limits of Rule 199.5(c) will control the length of nonparty depositions. The parties shall act reasonably and in good faith to schedule depositions expeditiously, while accommodating the schedules of counsel and witnesses. With respect to nonparty discovery, the parties agree to produce documents within seven (7) business days of receipt of the documents from the nonparty. In addition, the parties agree to work with each other in scheduling nonparty depositions and will cooperate to ensure that a nonparty deposition is scheduled at least seven (7) business days after the party scheduling the deposition provides the other party with copies of any documents received from that third party.

[1] The limits set forth in this paragraph shall be exclusive of discovery of government entities, which shall be governed separately by the following paragraph.

Copy from re:SearchTX

(g) **Government Discovery.**[2] The parties may issue document subpoenas to Government Parties. The time limits of Rule 199.5(c) will control the length of Government Party Depositions. The parties shall act reasonably and in good faith to schedule depositions expeditiously, while accommodating the schedules of counsel and witnesses. With respect to Government Party discovery, the parties agree to produce documents within seven (7) business days of receipt of the documents from the third party. In addition, the parties agree to work with each other in scheduling Government Party depositions and will cooperate to ensure that a Government Party deposition is scheduled at least seven (7) business days after the party scheduling the deposition provides the other party with copies of any documents received from that Government Party.

(h) **Experts.** Each party may have up to seven (7) experts. Any party can move the court for an additional expert upon a showing of good cause. Each party shall be allowed up to seven hours of deposition time per expert, per report.

Any party may move to modify these limitations for good cause.

3. **Privileged Information.** There is no duty to disclose privileged documents or information; however, the parties will disclose in response to discovery requests the information identified in Rule 193.3(a). The parties are directed to meet and confer concerning privileged

---

[2] The limits in this paragraph apply to: (1) the State of Texas; (2) Texas's government agencies, such as the Texas Department of State Health Services, the Medicaid agency for the State of Texas and the Texas Office of the Attorney General; (3) the United States; and (4) the United States' government agencies, such as the United States Department of Health and Human Services, the Centers for Medicare and Medicaid Services, the Office of Inspector General of the Department of Health and Human Services, United States Attorneys, and the Department of Justice (collectively, "Government Parties").

Copy from re:SearchTX

documents or information after the Scheduling Conference. By the date set by the court in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within ten (10) business days. The party asserting privilege shall then file with the Court within thirty (30) days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection. If the parties have no disputes concerning privileged documents or information, then the parties shall inform the court of that fact within sixty (60) days after the date set by the court in the Docket Control Order to exchange privilege logs.

4.     **Pre-trial disclosures**. Each party shall provide to every other party regarding the evidence that the disclosing party may present at trial as follows:

(a)     As required by Rule 192.3(d), the name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

(b)     The designation of those witnesses whose testimony is expected to be presented by means of a deposition (to the extent permitted by law) and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

Copy from re:SearchTX

(c)     An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

These disclosures shall be made consistent with the rules of, and any orders entered by, the Court. Within 14 days thereafter, unless a different time is specified by the court, a party may serve and file a list disclosing (1) any objections to the use of a deposition designated by another party under subparagraph (B) and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph (C). Objections not so disclosed, other than objections under Rules 402 and 403 of the Texas Rules of Evidence, shall be deemed waived unless excused by the court for good cause shown.

5.     **Signature.** As detailed in Rule 191.3, the disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification as described in Rule 191.3(c).

6.     **Proposed Stipulations by the Parties Regarding Discovery**.

(a)     **Agreement to be bound by the 2021 version of the Texas Rules of Civil Procedure.** Notwithstanding the date of filing of the original petition in this action, the parties agree to proceed under the 2021 version of the Texas Rules of Civil Procedure.

i. Pursuant to Tex. R. Civ. P. 195.5, communications between the party's attorney and any testifying expert witness in the case are protected from discovery, regardless of the form of the communications, except to the extent that the communications: (1) relate to compensation for the expert's study or testimony; (2) identify facts or data that the party's attorney

Copy from re:SearchTX

provided and that the expert considered in forming the opinions to be expressed; or (3) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed; and

ii. A draft expert report or draft disclosure is protected from discovery, regardless of the form in which the draft is recorded.

(b) **Privilege**. Pursuant to Tex. R. Civ. P. 193.3(c), no party is required to include in a privilege log documents created after September 1, 2017. The parties agree to work in good faith to find ways to reduce the burden and cost of logging privileged materials (including category and/or metadata logging). The parties further agree that testifying experts' draft reports, notes, and outlines of draft reports shall not be subject to discovery in this case, nor shall any such drafts, notes, or outlines of draft reports that the testifying expert prepared in other cases be subject to discovery in this case. Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial or deposition testimony, or any opinion in this case. No discovery can be taken from any consulting expert who does not testify. No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports, trial or deposition testimony in this case. Materials, communications (including e-mail), and other information exempt from

**Add.11**

Copy from re:SearchTX

discovery under this paragraph shall be treated as attorney-work product for the purposes of this litigation.

(c) **Electronic Service**. The Parties shall serve documents, pleadings, correspondence and other things electronically in lieu of service by U.S. Mail. If the document, pleading, correspondence or other item is too large to be served electronically, then a cover letter or other similar notification shall be served electronically, and the document, pleading, correspondence or other item shall be served via FTP, if possible, or next day delivery.

**SIGNED this <u>1</u> day of <u>Feb</u>, 2024**

_____
Presiding Judge

Copy from re:SearchTX

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Court Services on behalf of Danny Ashby
Bar No. 1370960
ommsvc2@omm.com
Envelope ID: 108084361
Filing Code Description: Original Proceeding Petition
Filing Description: Petition for Writ of Mandamus
Status as of 11/14/2025 4:50 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Danny S.Ashby | | dashby@omm.com | 11/14/2025 4:30:06 PM | SENT |
| Litigation Calendar | | litigationcalendar@omm.com | 11/14/2025 4:30:06 PM | SENT |
| Lynne Kurtz-Citrin | 24081425 | lynne.kurtz-citrin@oag.texas.gov | 11/14/2025 4:30:06 PM | SENT |
| Jonathan Wilkerson | 24050162 | jonathan.wilkerson@lanierlawfirm.com | 11/14/2025 4:30:06 PM | SENT |
| Zeke DeRose | 24057421 | zeke.derose@lanierlawfirm.com | 11/14/2025 4:30:06 PM | SENT |
| Alex Brown | 24026964 | alex.brown@lanierlawfirm.com | 11/14/2025 4:30:06 PM | SENT |
| W. Mark Lanier | | WML@LanierLawFirm.com | 11/14/2025 4:30:06 PM | SENT |
| Radu A. Lelutiu | | rlelutiu@mckoolsmith.com | 11/14/2025 4:30:06 PM | SENT |
| Eric B.Halper | | ehalper@mckoolsmith.com | 11/14/2025 4:30:06 PM | SENT |
| Jonathan D. Bonilla | | Jonathan.Bonilla@oag.texas.gov | 11/14/2025 4:30:06 PM | ERROR |
| Jordan Underhill | | Jordan.Underhill@oag.texas.gov | 11/14/2025 4:30:06 PM | ERROR |
| Jennifer Truelove | 24012906 | jtruelove@mckoolsmith.com | 11/14/2025 4:30:06 PM | SENT |
| Samuel Baxter | 1938000 | sbaxter@mckoolsmith.com | 11/14/2025 4:30:06 PM | SENT |
| Deron Dacus | 790553 | ddacus@dacusfirm.com | 11/14/2025 4:30:06 PM | SENT |
| Meredith Garagiola | | mgaragiola@omm.com | 11/14/2025 4:30:06 PM | SENT |
| Ross Galin | | rgalin@omm.com | 11/14/2025 4:30:06 PM | SENT |
| Anton Metlitsky | | ametlitsky@omm.com | 11/14/2025 4:30:06 PM | SENT |